**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| C.M.F., a Minor, by and through the Guardian of his estate, FIDUCIARY TRUST COMPANY INTERNATIONAL OF PENNSYLVANIA, et al.<br><br>     Plaintiffs,<br><br>          v.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC. d/b/a TEMPLE UNIVERSITY HOSPITAL, et al.<br>          v.<br>CLINTON TURNER, M.D. and NISHANTH SIDDURI, M.D.<br><br>     Defendants. | Civil Action No. |

**NOTICE OF REMOVAL**

Under 42 U.S.C. § 233, the United States of America, on behalf of federal defendants Clinton Turner, M.D. and Nishanth Sidduri, M.D. files this notice of removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support, the United States avers:

1. On October 31, 2024, plaintiff C.M.F., a Minor, by and through the Guardian of his estate, Fiduciary Trust Company International of Pennsylvania, initiated Case No. 241100047, by filing a complaint in the Philadelphia County, Pennsylvania Court of Common Pleas, naming as defendants, Temple University Hospital, Inc. d/b/a Temple University Hospital, et al.

2. On December 4, 2024, defendants Temple University Hospital, Inc. d/b/a

Temple University Hospital, et al. filed a joinder complaint directed at additional defendants, Clinton A. Turner, M.D. and Nishanth Sidduri, M.D., employees of Delaware Valley Community Health, Inc.  *See* Joinder Complaint attached to initial complaint in Case No. 241100047, attached as Exhibit 1.

3.   By operation of the Federally Supported Health Centers Act of 1992 and 1995, 42 U.S.C. § 233, named defendants Clinton Turner, M.D. and Nishanth Sidduri, M.D., are deemed federal employees or agencies of the United States, and therefore covered by certain procedures of the Federal Tort Claims Act, which provides the exclusive remedy for state-law tort actions brought against individuals or entities deemed to be federal employees acting within the scope of their employment. *See* 42 U.S.C. §§ 233(a), (g).

4.   Further, the Federally Supported Health Centers Act of 1992 and 1995 incorporates certain provisions of the Federal Tort Claims Act, under which claims against the United States for state-law tort actions, brought against individuals or entities deemed to be federal employees acting within the scope of their employment, may only be brought in federal district court. *See* 42 U.S.C. §§ 233(a), (c); 28 U.S.C. § 1346. Therefore, this action must be removed to federal district court. *See id.*

5.   A certified copy of this Notice of Removal will be filed in the Office of Judicial Support for the Court of Common Pleas Philadelphia County, First Judicial District of Pennsylvania, Civil Trial Division, and sent to all parties.

6.     No bond is required as this notice is filed by the United States. *See* 42

U.S.C. § 233(c).

7.    Removal is timely under 42 U.S.C. § 233(c), which provides that a civil

action of this nature may be removed at any time before trial.

WHEREFORE, the United States respectfully submits this notice of removal

of this action.

Respectfully submitted,

DAVID METCALF
United States Attorney

*s/ Susan R. Becker for*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

Dated: April 15, 2025

*s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel: (215) 861-8443
Fax: (215) 861-8618

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of April 2025, a true and correct copy of the foregoing Defendant the United States' Notice of Removal has been served via Electronic Court Filing (ECF) upon the following:

Jack Beam, Esquire
Court I.D. No. 52519
BEAM LEGAL TEAM
954 W. Washington Blvd. #215
Chicago, IL 60607

Jordan Strokovsky, Esquire
Court I.D. No. 318811
STROKOVSKY LLC
1650 Market St., #3600
Philadelphia, PA 19103

*Counsel for plaintiffs*

Paul K. Leary, Jr., Esq. (85402)
Nicholas A. Karwacki, Esq. (320773)
Dylan M. Alper, Esq. (313710)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

Richard S. Margulies, Esq. (62306)
Elizabeth A. Williams Esquire (206548)
BURNS WHITE LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103

*Counsel for Temple Defendants*

*s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States Attorney

JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a)  PLAINTIFFS**

C.M.F., a Minor, through Guardian of his estate, Fiduciary Trust Co. International of Pa., & Corkell Maldonado

**DEFENDANTS**

Clinton Turner, MD, Nishanth Sidduri, MD, TEMPLE UNIVERSITY HOSPITAL, INC., ET AL.

**(b)**  County of Residence of First Listed Plaintiff     Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Jordan Strokovsky, Esq., Strokovsky, LLC, 1650 Market Street, # 3600, Philadelphia, PA 19103/(215) 317-6545

Attorneys *(If Known)*

Viveca D. Parker, AUSA, {for Clinton Turner /US}, 615 Chestnut Street, Ste 1250, Philadelphia, PA 19106/Richard S. Margulies, Esq. {for Temple Defts}, BURNS WHITE

**II.  BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* | |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* | |

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V.  ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from Another District *(specify)* | ☐ 6  Multidistrict Litigation - Transfer | ☐ 8  Multidistrict Litigation - Direct File | |

**VI.  CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Section 233

Brief description of cause:
Medical Malpractice of Deemed Federal Employees

**VII.  REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☐ Yes     ☐ No

**VIII.  RELATED CASE(S) IF ANY**

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
Apr 15, 2025

SIGNATURE OF ATTORNEY OF RECORD
/s/ Viveca D. Parker, AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

**Complete list of Defendants**

**DEFENDANTS**

TEMPLE UNIVERSITY HOSPITAL,
INC. d/b/a TEMPLE UNIVERSITY
HOSPITAL, TEMPLE UNIVERSITY
HEALTH SYSTEM, and/or TEMPLE
HEALTH
3509 N. Broad Street, 9th Floor
Philadelphia, PA 19140

and

TEMPLE UNIVERSITY HEALTH
SYSTEM, INC. d/b/a TEMPLE
UNIVERSITY HEALTH SYSTEM,
TEMPLE UNIVERSITY HOSPITAL
and/or TEMPLE HEALTH
3509 n. Broad Street, 9th Floor
Philadelphia, PA 19140

and

CLINTON TURNER, M.D. and
NISHANTH SIDDURI, M.D.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _____Temple University Hospital_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☒ 16. All Other Federal Question Cases. *(Please specify):* _42 U.S.C. Section 233_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.