IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.M.F., a Minor, by and through the Guardian of his estate, FIDUCIARY TRUST COMPANY INTERNATIONAL OF PENNSYLVANIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC. d/b/a TEMPLE UNIVERSITY HOSPITAL, et al.<br>v.<br>CLINTON TURNER, M.D. and NISHANTH SIDDURI, M.D.<br><br>Defendants. | Civil Action No. 2:25-cv-1912 |

## ORDER

AND NOW, this          day of          , 2025, upon consideration of the United States' Motion to Dismiss the Individual Defendants, and Substitute the United States as sole federal defendant, the supporting brief and any opposition thereto, it is hereby ORDERED that the motion is GRANTED:

Under 42 U.S.C. § 233(c), the individual defendants are dismissed with prejudice and the United States of America is substituted as the only federal defendant, and the Clerk of Court is directed to amend the caption accordingly.

BY THE COURT:

_____
HONORABLE JOEL H. SLOMSKY
*Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.M.F., a Minor, by and through the Guardian of his estate, FIDUCIARY TRUST COMPANY INTERNATIONAL OF PENNSYLVANIA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC. d/b/a TEMPLE UNIVERSITY HOSPITAL, et al.<br>v.<br>CLINTON TURNER, M.D. and NISHANTH SIDDURI, M.D.<br><br>Defendants. | Civil Action No. 2:25-cv-1912 |

## MOTION TO DISMISS THE INDIVIDUAL DEFENDANTS AND SUBSTITUTE THE UNITED STATES

Under the Federal Tort Claims Act (FTCA) and for the reasons more fully explained in the accompanying brief, the United States of America respectfully moves to dismiss the individual defendants Clinton Turner, M.D., and Nishanth Sidduri, M.D., with prejudice, and substitute the United States as the only federal defendant. The United States of America is the only proper defendant in an FTCA action. 28 U.S.C. § 2679(a). The grounds for this motion are further set forth in the attached memorandum of law.

April 18, 2025

        Respectfully submitted,

        DAVID METCALF
        United States Attorney

        *s/ Susan R. Becker for*
        GREGORY B. DAVID
        Assistant United States Attorney
        Chief, Civil Division

        *s/ Viveca D. Parker*
        VIVECA D. PARKER
        Assistant United States Attorney
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106
        (215) 861-8443

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| C.M.F., a Minor, by and through the Guardian of his estate, FIDUCIARY TRUST COMPANY INTERNATIONAL OF PENNSYLVANIA, et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>TEMPLE UNIVERSITY HOSPITAL, INC. d/b/a TEMPLE UNIVERSITY HOSPITAL, et al.<br>    v.<br>CLINTON TURNER, M.D. and NISHANTH SIDDURI, M.D.<br><br>    Defendants. | Civil Action No. 2:25-cv-1912 |

MEMORANDUM OF LAW SUPPORTING MOTION TO DISMISS THE
INDIVIDUAL DEFENDANTS AND SUBSTITUTE THE UNITED STATES

INTRODUCTION

On October 31, 2024, plaintiff C.M.F., a Minor, by and through the Guardian of his Estate, Fiduciary Trust Company International of Pennsylvania, and his mother and legal guardian, Corkell Maldonado (collectively, Plaintiffs), filed a complaint in the Court of Common Pleas of Philadelphia County, naming as defendants Temple University Hospital, Inc. d/b/a Temple University Hospital, Temple University Health System and/or Temple Health and Temple University Health System, Inc. d/b/a Temple University Health System, Temple University Hospital and/or Temple Health (hereinafter "Temple").

Temple instituted this medical malpractice action after Plaintiffs filed their initial complaint in state court, by filing a Joinder Complaint along with Certificates of Merit on December 4, 2024, and adding as defendants Clinton A. Turner, M.D., and Nishanth Sidduri, M.D.

In this action, Corkell Maldonado, mother of C.M.F., a minor, seeks damages for personal injuries that allegedly occurred during Ms. Maldonado's labor and delivery of C.M.F.. Plaintiffs allege that Dr. Clinton Turner, and Dr. Nishanth Sidduri provided Ms. Maldonado with negligent labor and delivery services in their failure to timely perform a caesarean section on or about July 20, 2023 to July 22, 2023 at Temple University Hospital. Plaintiffs further allege that as a result of this negligence, C.M.F. suffered from hypoxic ischemic brain damage and extensive related birth injuries. Compl. ¶ 65.

**The Individuals Are Deemed Federal Employees**

The individual defendants were at all relevant times employees of Delaware Valley Community Health, Inc. (DVCH). Torres Dec. ¶ 6. The Secretary of the Department of Health and Human Services (HHS) deemed DVCH a Public Health Service under 42 U.S.C. § 233(g). Torres Dec. ¶ 5. By operation of the Federally Supported Health Centers Act, 42 U.S.C. § 233(c), defendants Clinton A. Turner, M.D. and Nishanth Sidduri, M.D. are deemed federal employees of the United States Public Health Service for purposes of the claims asserted against them in this matter, and covered by the remedy and certain procedures of the Federal Tort Claims Act, which provides the exclusive remedy for state-law tort actions brought

against individuals or entities deemed to be federal employees acting within the scope of their employment. *See* 42 U.S.C. §§ 233(a), 233(g).

Pursuant to 42 U.S.C. § 233(a) and (g), the remedy against the United States for the conduct of a Public Health Service employee is exclusive of any other civil action. Thus, the remedy for the allegations against the individual defendants, Dr. Clinton Turner and Dr. Nishanth Sidduri, is exclusively against the United States. The individuals should be dismissed with prejudice and the United States substituted as the sole federal defendant.

## **ARGUMENT**

This is a tort action in which two physicians have been joined by the original defendant, Temple, the hospital where Plaintiffs allege negligent labor and delivery services occurred. At the time of the events alleged, the two physicians were employed by a Public Health Service entity, DVCH, and were acting within the scope of their employment. Thus, the allegations against Dr. Turner and Dr. Sidduri are properly brought against the United States.

Tort actions brought against agencies of the United States are subject to, and governed by, the Federal Tort Claims Act (FTCA). It is fundamental that the only proper defendant in a negligence action under the FTCA is the United States of America, and plaintiffs may not bring suit against the federal agencies or employees allegedly responsible for their injuries. 28 U.S.C. § 2679(a), (b), (d); *Couden v. Duffy*, 446 F.3d 483, 498 n.10 (3d Cir. 2006); *Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. App'x 44, 45-46 (3d Cir. 2011). The FTCA provides that an action against the

United States is the sole remedy for any claim arising from alleged negligent or wrongful action of a federal employee acting within the scope of his employment:

> The remedy against the United States . . . is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

28 U.S.C. § 2679(b)(1). In this case, Plaintiffs allege a tort claim against Temple, and Temple has joined federal employees acting within the scope of their employment. Any claims against individuals should be dismissed because the United States is the only proper defendant in an FTCA case. *See* 28 U.S.C. §§ 1346(b), 2679(a); *FDIC v. Meyer*, 510 U.S. 471, 476 (1994). *See, e.g.*, *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008); *Hutchinson v. Weisinger*, No. 12-CV-5792, 2014 WL 3817335, at *2 (D.N.J. Aug. 4, 2014) (dismissing Postal Service and Postal Service employee from FTCA lawsuit). Thus, the individual Public Health Service employees must be dismissed with prejudice, the United States should be substituted as the sole federal defendant in this FTCA case, and the caption should be amended accordingly.

## **CONCLUSION**

For all of the foregoing reasons, the United States of America respectfully requests that the Court order that the individual defendants are dismissed with prejudice and the United States is substituted as the sole federal defendant.

Respectfully submitted,

DAVID METCALF
United States Attorney

*s/ Susan R. Becker for*
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

*s/ Viveca D. Parker*
VIVECA D. PARKER
Assistant United States
Attorney 615 Chestnut
Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8443
Fax: (215) 861-8618
*Attorneys for United States of America*

Dated: April 18, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April, 2025, I served a true and correct copy of the foregoing United States' Motion to Dismiss the Individual Defendants and Substitute the United States, with supporting brief, by email, upon the following:

Jack Beam, Esquire
Court I.D. No. 52519
BEAM LEGAL TEAM
954 W. Washington Blvd. #215
Chicago, IL 60607

Jordan Strokovsky, Esquire
Court I.D. No. 318811
STROKOVSKY LLC
1650 Market St., #3600
Philadelphia, PA 19103

*Counsel for plaintiffs*

Paul K. Leary, Jr., Esq. (85402)
Nicholas A. Karwacki, Esq. (320773)
Dylan M. Alper, Esq. (313710)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103

Richard S. Margulies, Esq. (62306)
Elizabeth A. Williams Esquire (206548)
BURNS WHITE LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103

*Counsel for Temple Defendants*

                                        *s/ Viveca D. Parker*
                                        VIVECA D. PARKER
                                        Assistant United States Attorney