**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **C.M.F., a Minor, by and through the** | : | |
| **Guardian of his estate, FIDUCIARY** | : | |
| **TRUST COMPANY INTERNATIONAL** | : | Hon: Joel H. Slomsky |
| **OF PENNSYLVANIA, et al.** | : | |
| | : | Civil Action No. 2:25-cv-1912 |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **TEMPLE UNIVERSITY HOSPITAL,** | : | |
| **INC. d/b/a TEMPLE UNIVERSITY** | : | |
| **HOSPITAL, et al.** | : | |
| | : | |
| Defendants. | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| Third Party Defendants. | : | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF VARIOUS INFORMATION /
DOCUMENTATION & SUPPLEMENTAL RESPONSES TO WRITTEN DISCOVERY**

COME NOW the Plaintiffs, C.M.F., a minor, by and through the Guardian of his Estate,

Fiduciary Trust Company International of Pennsylvania, and Corkell Maldonado, Individually, by

and through the undersigned counsel, and hereby files this Motion to Compel. In support thereof,

Plaintiffs would respectfully show the Court the following:

**INTRODUCTION**

1.        This is a medical malpractice / birth injury action wherein the Plaintiffs allege that

the Defendants' collective negligence during Plaintiffs' labor and delivery proximately caused the

minor-Plaintiff, C.M.F., to be asphyxiated and suffer severe hypoxic ischemic brain damage near

the time of his birth – which has left him permanently disabled and dependent upon others.

2.     The Defendants in this case are Temple University Hospital, Inc. d/b/a Temple University Hospital ("Defendant Hospital"), Temple University Health System ("Defendant Health System"), and Temple Health (collectively referred to as the "Temple Defendants"). The Temple Defendants also filed a Joinder Complaint against Clinton Turner, M.D. and Nishanth Sidduri, M.D. – who have since been substituted for the United States of America. **This motion is directed solely towards the Temple Defendants**.

3.     This Motion is brought pursuant to Fed. R. Civ. P. 37(a). **The purpose of this motion is to compel the Temple Defendants to produce the following information/documentation and/or provide formal supplemental discovery responses regarding the same**:

     a.  **By-Laws of the Hospital / Medical Staff (RFPD No. 17, 19)**;
     b.  **Particular Labor & Delivery Policies & Procedures (RFPD No. 16)**;
     c.  **Employment Files of at-issue Healthcare Providers (RFPD No. 30-31)**;
     d.  **Less Redacted Birth / Delivery Log (RFPD No. 14)**;
     e.  **Existence of Peer Review / Incident Reports (INT 22 & RFPD 34)**;

4.     Pursuant to Fed. R. Civ. P. 37(a), the undersigned Plaintiffs' counsel hereby certifies that the movant has in good faith conferred or attempted to confer with counsel for the Temple Defendants in an effort to obtain the herein discovery without court action, including via web conferencing and at least 3 letters (*infra*).

5.     Plaintiffs have been attempting to obtain the herein discovery for approximately one (1) year and have been trying to resolve the herein discovery issues for approximately eight (8) months.

## PROCEDURAL HISTORY

6.      Plaintiffs initially served written discovery (including Interrogatories, Requests for Production, and Requests for Admission) upon both Defendant Hospital and Defendant Health System on or about November 6, 2024. **Exhibit A**, Affidavits of Corporate Service.

7.      Defendant Hospital provided answers / responses to Plaintiffs' Interrogatories and Requests for Production on or about January 31, 2025 – which were very deficient in substance. **Exhibit B**, Hospital Discovery Responses.

8.      Defendant Health System has never actually answered / responded to Interrogatories and Requests for Production.

9.      Following receipt of Defendant Hospital's deficient responses to initial Interrogatories and Requests for Production – on March 21, 2025, Plaintiffs' counsel sent correspondence to defense counsel outlining numerous deficiencies in the discovery responses and requesting that supplemental responses be provided. **Exhibit C**, 3/21/2025 Letter.

10.     On April 9, 2025, one of the counsel for the Temple Defendants provided a letter in response. **Exhibit D**, 4/9/2025 Letter. This letter enclosed no new documentation. Id. This letter included certain statements from counsel in which he reiterated objections and then purported to provide further information in response to certain discovery requests from Plaintiff. Id. No supplemental discovery response that is verified by the Defendant Hospital has ever been provided in support of the statements contained within this letter.

11.     Plaintiffs again followed up on the outstanding discovery deficiencies via letter on September 4, 2025 – again emphasizing that numerous standard / routine requests have not been answered appropriately, requesting availability for a phone conference, and indicating that

Plaintiffs would be forced to file a motion if these issues were not resolved soon. **Exhibit E**, 9/4/2025 Letter.

12.     On September 26, 2025, one of the counsel for the Temple Defendants provided another letter indicating that additional documentation will be produced for some of the requests. **Exhibit F**, 9/26/2025 Letter. This letter also included certain statements from counsel in which he reiterated objections and/or purported to provide further information in response to certain discovery requests from Plaintiff. Id. No supplemental discovery response that is verified by the Defendant Hospital has ever been provided in support of the statements contained within this letter.

13.     On October 7, 2025, counsel for Plaintiffs and defendants held a meet and confer conference via web conferencing to discuss the scheduling of depositions as well as the various written discovery issues. The next day, Plaintiffs' counsel sent a letter memorializing this discussion and requesting that the Temple Defendants confirm within the next 10 days whether or not any of the requested information/documentation would be provided. **Exhibit G**, 10/8/2025 Letter. The Temple Defendants have not provided any further response or information regarding whether or not the requested information/documentation will be provided.

14.     Thus, despite months of back-and-forth with defense counsel in efforts to avoid involving this Court, the herein discovery requests remain deficient as Defendants still have not produced certain information / documentation or confirmed whether or not they will supplement the same. Accordingly, Plaintiffs seek Your Honor's intervention to compel production of the herein requested evidence.

## LAW / ARGUMENT

15.     The Federal Rules of Civil Procedure are clear – "*Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and*

*proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit…*" Fed. R. Civ. P. 26(b) (emphasis added).

16.     The information/documentation requested herein is highly relevant to the present lawsuit, is not privileged, is proportional to the needs of the case, and there is no meritorious objection that shields it from discovery. Moreover, the withheld information/documentation is vital to the minor-Plaintiff's ability to fully and effectively prosecute this case and seek justice for the grievous and debilitating injuries that he has suffered.

17.     The Plaintiffs are entitled to the discovery requested herein including but not limited to pursuant to Fed. R. Civ. P. 26(b), 33, and 34.

18.     The Rules of Civil Procedure expressly permit the filing of a "motion for an order compelling disclosure or discovery," including to compel disclosures pursuant to Rule 26(a) and to compel a discovery response under Rules 33-34. <u>See</u> Fed. R. Civ. P. 37.

19.     This Court has authority to grant the relief requested herein and enter an Order compelling the Temple Defendants to produce all of the herein-requested materials, including but not limited to pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37.

20.     No parties would be unfairly prejudiced by the granting of this motion.

21.    **By-Laws of the Hospital / Medical Staff (RFPD No. 17, 19)**: In RFPDs Nos. 17 & 19, Plaintiffs requested that Defendant Hospital produce a copy of the "licensing regulations, accreditation standards, and by-laws" of Defendant Hospital and its medical staff:

> **REQUEST NO. 17:**
>
> Please provide a copy of the licensing regulations, accreditation standards, and by-laws of the Defendant Hospital in effect in July 2023.
>
> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request overbroad, unduly burdensome and is unlimited in scope. As such, it exceeds the realm of permissible discovery.

> **REQUEST NO. 19:**
>
> Please provide a copy of the licensing regulations, accreditation standards, and by-laws of the medical staff in effect at Defendant Hospital in July 2023.
>
> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request is overbroad, unduly burdensome, and unlimited in scope. As such, it exceeds the realm of permissible discovery. Moreover, Answering Defendant objects to the extent this Request calls for a legal conclusion.

**Exhibit B** at RFPDs Nos. 17 & 19.

The Bylaws are relevant as they typically set forth various duties, responsibilities and expectations of healthcare providers. In fact, Pennsylvania law requires the existence of medical Bylaws and regulates the contents of the same. See 28 Pa. Code §107.12 "*Content of bylaws, rules and regulations.*" This has been recognized by the Pennsylvania Supreme Court. Leadbitter v. Keystone Anesthesia Consultants, 256 A.3d 1164, 1174–75 (Pa. 2021) (emphasizing that every hospital's medical staff "operates pursuant to a set of bylaws"). Moreover, it has been recognized that "*under Pennsylvania law, the Staff Bylaws … constitute a contract between the hospital and the staff.*" Posner v. Lankenau Hospital, 645 F. Supp. 1102, 1106 (E.D. Pa. 1986) (emphasis added); see also Berberian v. Lancaster Osteopathic Hosp. Ass'n, Inc., 395 Pa. 257, 262 (1959). Any contractual obligations between Defendant Hospital and the staff who are alleged to have

been negligent are highly likely to yield evidence that is relevant to understanding how this hospital is designed to operate and the actions/inactions of said individuals.

The Bylaws of a hospital and/or its medical staff typically contain various conditions and requirements under which a healthcare provider is required to meet in order to be "on staff" and/or "on medical staff." First and foremost, conditions and requirements to be on medical staff are relevant to the issue of agency as they can demonstrate whether – and to what extent – Defendant Hospital may control said healthcare providers. In this case it is specifically alleged that Defendant Hospital is vicariously liable for the negligence of multiple physicians, including Clinton Turner, M.D. and Nishanth Sidduri, M.D. See Plaintiffs' Complaint at ¶ 74-78. Notably, the employment / agency of these physicians has been expressly denied by the Temple Defendants. See **Exhibit H**, Hospital's Response to RFAs at Nos. 2-3. Thus, for the reasons of agency / vicarious liability alone, the Bylaws are directly relevant to both the Plaintiffs' claims and the Temple Defendants' defenses.

In addition to agency, Bylaws typically include information pertaining to the qualifications for membership, structure of the medical staff, reasons for termination or corrective action, whether the physician is required to take call, requirements regarding a providers' presence within the hospital and/or response time requirements if/when they are not present on their unit, requirements regarding completion of medical records, liability insurance requirements and/or indemnification, etc. Of course, all of these examples would be relevant not only to understanding the relationship between the Temple Defendants and the individual healthcare providers in this case, but also the actions/inactions that were taken by the individuals involved in this action.

The Bylaws are especially important and relevant given Plaintiffs' allegations of institutional / corporate negligence against the Temple Defendants. For example, Plaintiffs allege that the Temple Defendants were negligent including by failing to:

➤ "*select and retain only competent physicians, residents, nurses, technicians…*"
➤ "*appropriately train, supervise, and/or oversee all persons who practice medicine and/or nursing within its facilities…*"
➤ "*promulgate, implement, maintain, and/or enforce reasonable and appropriate rules, regulations, policies, procedures, and/or protocols…*"

See Plaintiffs' Complaint at ¶91(c) – (e) (emphasis added). The Bylaws certainly contain information relating to the processes for selecting / admitting / retaining healthcare providers as well as the implementation of rules / regulations / policies at Defendant Hospital and are therefore relevant to the issues in the present case.

Not only are the requested Bylaws relevant for several reasons as detailed herein, but this evidence is not privileged or otherwise shielded from discovery, is required by Pennsylvania law, should be very easy to produce, and therefore is proportional to the needs of the case. Thus, Defendant Hospital should be compelled to produce a copy of the Bylaws of the hospital / medical staff which were in effect during July 2023 (i.e., the during the allegations in this case).

22.     **Particular Labor & Delivery Policies & Procedures (RFPD No. 16)**: In Request for Production No. 16, Plaintiffs originally requested that Defendant Hospital "*identify and produce a copy of any written guidelines, policies, procedures, rules, regulations, and/or protocols regarding Antepartum, Triage, Obstetrical, Postpartum, and/or Neonatal care at Defendant Hospital which were in effect in July 2023…*" NOTE: As a way of inclusion and not limitation, Plaintiffs also specifically listed 43 P&P topics that commonly exist. **Exhibit B** at RFPD No. 16 (emphasis added). Defendant objected as follows:

> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request overbroad, unduly burdensome, and exceeds the realm of permissible discovery.
>
> Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

Id. at RFPD No. 16.

Although unclear from the above response, Defendant Hospital did produce some select Policies & Procedures (hereinafter "P&Ps"), without initially indicating which other P&Ps existed but were being withheld from discovery. Plaintiffs thereafter followed up to ascertain what other P&Ps may exist in order to determine whether any others would be important to the issues of this case. **Exhibit E**, letter of 9/4/2025. Defense counsel thereafter produced a list of 120 Labor and Delivery P&Ps in effect at Defendant Hospital as of July 2023. **Exhibit F**, letter of 9/26/2025; **Exhibit I**, letter of 10/3/2025. Plaintiffs' counsel asked defense counsel during the video call on October 7th whether additional P&Ps would be produced – to which defense counsel indicated that they <u>may</u> provide particular additional P&Ps upon request. The next day, Plaintiffs' counsel highlighted which specific P&Ps[1] were being sought and requested that Defendant Hospital advise within 10 days simply whether or not these documents would be supplemented so that this could be taken up with the Court if necessary. **Exhibit G**, letter of 10/8/2025. **Thus, the P&Ps that are at-issue in this motion are those specifically listed on the attached Exhibit J.** Id. It has now

---

[1] Defendants arbitrarily and unilaterally marked the produced list of P&Ps as "confidential" without seeking a Protective Order. Plaintiffs have not agreed that this is a confidential document. Regardless, Plaintiffs have compiled a list of only the titles of the specific P&Ps being requested rather than attaching the original "confidential" document. See **Exhibit J**.

been over four (4) weeks and defense counsel has not identified whether or not they will supplement any of the requested P&Ps.

P&Ps are specifically required pursuant to Pennsylvania law. For example, Pennsylvania law requires, "*Nursing care policies and procedures shall be consistent with professionally recognized standards of nursing practice ....*" See 28 Pa. Code § 109.23 (emphasis added). In fact, Obstetrical care (i.e., the care at issue in this case) has an entire section of the Pennsylvania code that explains P&P requirements under Pennsylvania law. "*Written policies and procedures for obstetrical services shall be maintained and made available to medical and nursing staff members...*" See 28 Pa. Code § 137.21 (emphasis added). Moreover, under Pennsylvania law, hospitals can be held liable under a theory of corporate negligence, including specifically as a result of "*...a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care for the patients.*" Thompson v. Nason Hosp., 527 Pa. 330, 339–40 (1991) (emphasis added).

P&Ps contain information that is important and relevant to the issues in this case for a multitude of reasons. First, Plaintiffs have explicitly set forth an allegation of negligence for Defendant Hospital's "*failure to promulgate, implement, maintain, and/or follow appropriate policies, procedures...*" See Complaint at ¶ 78(y) & 91(e) (emphasis added). Additionally, as set forth in Plaintiffs' medical records, healthcare providers are often charged with performing tasks pursuant to a hospital's P&Ps and/or protocols. **Exhibit K**, Neonatal and L&D Record Extracts.

P&Ps often set forth the types of equipment utilized at the particular hospital and personnel that are available at the hospital. They typically set forth emergency response team personnel, methods of contact, and response procedures. They typically contain various definitions and terminology that are utilized at the hospital. They often set forth information regarding the medical record systems, documentation capabilities, and record retention at the hospital. They often also

set forth various limitations on a nurse's ability to perform certain tasks – which often can vary from facility to facility. They often set forth responsibilities that may be delegated to certain types of healthcare providers at this facility. They commonly provide definitions and/or references which are relevant to issues of causation. They are certainly educational tools that set forth various training that has been provided to the hospital staff – and said P&Ps are important to establish which organizations or other resources that the hospital utilizes to teach their staff.

This is a case that involves a child who suffered permanent and debilitating brain damage, and millions of dollars will be requested as damages. The allegations of negligence pertain to a 2-day period from July 20-22, 2023 when Ms. Maldonado and her baby C.M.F. were admitted for labor, delivery, and post-birth care. The allegations of negligence involve numerous facets of healthcare including for example, the failure to properly monitor, the failure to properly administer drugs, the failure to recognize fetal distress / fetal heartrate abnormalities, the failure to recognize abnormal uterine contraction activity, the failure to appreciate signs of hypoxia (lack of oxygen), the failure to appropriately communicate, the failure to appropriately supervise and oversee nurses and residents, the failure to timely advocate for expedited delivery, the failure to timely call and perform a C-section delivery, etc. Once C.M.F. was eventually delivered, he was severely depressed, had to be resuscitated, was transported to the newborn / Neonatology service within the hospital, was provided various neonatal assessments and treatments (including intubation, IV access, fluids, etc.) for his condition, and ultimately was transferred to St. Christopher's Hospital for Children for more intensive care/treatment. In addition to the facts and allegations set forth by Plaintiffs, it is anticipated that the Defendants will further complicate the issues of this case by denying liability and raising one or more complex defenses regarding the cause of Baby C.M.F.'s

injuries such as infection, genetics, placental, etc. Simply, there are a large number of topics which bear upon the issues in the present case.

Although Plaintiffs initially requested that all Obstetrical / Labor & Delivery P&Ps be produced, given the production of a listing / index of P&Ps, Plaintiffs have now narrowed this request to include only those P&Ps which seem particularly important to the issues in the present case. **Exhibit J**. *All of the P&Ps that Plaintiffs have specifically requested are related to the facts/allegations set forth in Plaintiffs' claims and/or common defenses with are often asserted in birth injury cases like the present*. The requested P&Ps are certainly relevant to the claims and defenses of this case and are therefore discoverable.

Moreover, the requested documentation is solely within the possession of Defendant Hospital. While Defendant Hospital has unfettered access to all P&Ps, the Plaintiffs cannot obtain this evidence from any other source. It cannot reasonably be claimed that it is too burdensome to produce these P&Ps – especially in a case like this where such significant injuries are at stake. Accordingly, Plaintiffs' request is clearly proportional to the needs of the case. Lastly, the requested evidence is in no way privileged.

Accordingly, the Temple Defendants should be compelled to produce all of the P&Ps that Plaintiffs have specifically requested, as identified within **Exhibit J**.

23. **Employment Files (RFPD No. 30-31)**: In Requests for Production Nos. 30-31, Plaintiffs requested that the Temple Defendants produce a copy of the employment files for the individuals whose care is in question:

**REQUEST NO. 30:**

Please provide a copy of any and all employment records for the years prior to and including 2023, including but not limited to evaluations, personnel reports, personnel records, personnel files, investigative reports, inspection reports, employee handbooks, employment manuals, continuing education records, terms, conditions and procedures involving employee / employer relationship, recruiting and hiring, promotions, demotions and discipline pertaining all physicians, nurses, midwives, and/or employees either listed in the Complaint, including:

a. April Dobkin, M.D.;
b. Michelle Benassi, M.D.;
c. Clinton Turner, M.D.;
d. Felicia Johnson-Ekere, R.N.;
e. Daniele McFadden, R.N.;
f. Tiana Acosta, M.D.;
g. Nishanth Sidduri, M.D.;
h. Ashley Harvard, M.D.; and
i. Maeve Serino, M.D.

**RESPONSE:** Answering Defendant objects to the extent this Request is compound, vague, ambiguous, and undefined. Answering Defendant further objects on the grounds that this Request is overbroad and unduly burdensome. Answering Defendant objects to this Request on the ground that it seeks production of documents and/or communications that are protected by the attorney-client and/or attorney work product privileges. Answering Defendant further objects to this Request on the ground that it seeks production of documents that are beyond the scope of permissible discovery, as such employment and/or personnel records are not reasonably calculated to lead to any discoverable evidence. Answering Defendants further object on the grounds that Clinton Turner, M.D. and Nishanth Sidduri, M.D. were not, in July 2023, and are not currently, employees of Temple University Hospital, Inc., Temple University Health System, Inc., or any affiliate or related entity thereof, and Daniele McFadden, R.N. was an agency R.N. employed by AMN Healthcare.

**Exhibit B** at RFPDs Nos. 30-31. Especially relevant to this motion, this request specifically includes (1) any education / competency files and (2) any disciplinary files regarding the healthcare providers whose care is at issue.

Plaintiffs' counsel has subsequently detailed this request multiple times, including via letter on 3/21/2025 and another letter on 9/4/2025. **Exhibit C** (3/21/2025 letter); **Exhibit E** (9/4/2025 letter). Plaintiffs' counsel then inquired about the same request at the meet and confer video call on 10/7/2025 – to which defense counsel still could not confirm whether or not the materials would

be supplemented (although he seemed to agree it was discoverable). Plaintiffs' counsel sent yet another letter requesting that defense counsel confirm within the next 10 days whether this evidence will be supplemented. **Exhibit G** (10/8/2025 letter). It has now been over four (4) weeks and defense counsel has not confirmed whether or not they will supplement the requested employment files.

Pennsylvania law requires that hospitals such as Defendant maintain personnel records such as those being requested, and specifies certain minimum required records that shall be maintained – specifically including "*information regarding the employe's education, training, and experience*", "*current information relative to periodic work performance evaluations*", etc. See 28 Pa. Code §103.36 (emphasis added).

These records are highly relevant to Plaintiffs' claims and/or the anticipated defenses of Defendants. Certainly, the knowledge, education, and competency of the healthcare providers charged with caring for the Plaintiffs during this labor and delivery is highly relevant to this medical malpractice action. Plaintiffs' Complaint specifically alleges various failures regarding the healthcare providers' knowledge, including the, "*[f]ailure to be aware of and completely appreciate the risks of this pregnancy…*", "*[f]ailure to be aware of, understand, and/or appreciate the risks of neurologic injury from trauma and/or hypoxia-ischemia during the labor and delivery period…*", "*[f]ailure to understand the risks of induction agents including Pitocin…*" See Plaintiffs' Complaint at ¶ 78(d)-(f) (emphasis added). Clearly, the knowledge and education of the healthcare providers at the hospital is directly related to Plaintiffs' claims.

It is well known that hospitals administer competencies to their providers and provide education/training in various modalities. The requested education/competency materials are certain to yield evidence that is relevant to the healthcare provider's knowledge, training,

education, and abilities as it pertains to the field of labor and delivery. This documentation will reveal information such as when the healthcare providers last underwent training, how often the Temple Defendants require training, which healthcare providers have completed certifications, and the core competency levels required to perform specialized functions such as fetal heart monitoring, neonatal resuscitation, etc. – which is important evidence in this case. Moreover, Plaintiffs should be able to discover whether the healthcare providers' education/training from the hospital is consistent with their actions/inactions in this case. Similarly, whether or not healthcare providers have been disciplined in the past for anything related to their care/treatment of a patient is also directly relevant to the healthcare providers' training.

Accordingly, the requested employment files, including education and competency materials, are highly probative to this lawsuit and are certainly subject to discovery. Certainly, the request is appropriately tailored and likely to yield important evidence as Plaintiffs only seek information regarding the individuals alleged to have been negligent and the information sought is likely to assist in establishing the asserted claims against defendants. Therefore, Defendant Hospital should be compelled to produce the requested files for the individuals who are alleged to have been negligent in the Complaint, including the following individuals: April Dobkin, M.D.; Michelle Benassi, M.D.; Clinton Turner, M.D.; Felicia Johnson-Ekere, R.N.; Daniele McFadden, R.N.; Tiana Acosta, M.D.; Nishanth Sidduri, M.D.; Ashley Harvard, M.D.; and Maeve Serino, M.D.

24.     **Less Redacted Birth / Delivery Log (RFPD No. 14)**: In Request for Production No. 34, Plaintiffs sought production of a birth / delivery log from Defendant Hospital for July 20-22, 2023 (the dates of Plaintiffs' hospital admission):

> **REQUEST NO. 14:**
>
> Please identify and produce a copy of the delivery/birth log(s) at Defendant Hospital for July 20-22, 2023. You may redact the Protected Health Information ("PHI") of all patients, other than C.M.F. and Corkell Maldonado, to protect other patients' confidentiality. However, it is specifically requested that non-confidential information including the date/time, location, room number, and healthcare providers involved for each delivery remain unredacted.
>
> **RESPONSE:** Answering Defendant objects to this Request to the extent it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent this Request is unduly burdensome and overbroad.

**Exhibit B** at RFPD No. 14.

A birth / delivery log is a document routinely maintained by hospitals that identifies the dates/times, locations, and room numbers of the births/deliveries that occurred, as well as the names of healthcare providers who were involved in the deliveries. NOTE: Plaintiffs have specifically indicated that any personal health information of other persons can be redacted to maintain their confidentiality.

A document entitled "delivery log" was subsequently provided to Plaintiffs via letter on October 3, 2025. **Exhibit I** (letter of 10/3/2025). However, the dates/times of other deliveries (i.e., some of the most important information from the delivery log) has been improperly redacted. Plaintiffs' counsel asked defense counsel during the video call on October 7th whether this would be un-redacted and supplemented – to which defense counsel could not confirm. Plaintiffs' counsel requested that Defendant Hospital advise within 10 days simply whether or not this information would be un-redacted and supplemented so that this could be taken up with the Court if necessary. **Exhibit G** (letter of 10/8/2025). It has now been over four (4) weeks and defense counsel has not identified whether or not they will supplement the requested less-redacted birth/delivery log.

The dates/times of other deliveries (as identified via delivery log) is routinely obtained in birth injury cases like the present. This is extremely important evidence as it likely to contain information regarding the availability / unavailability of certain personnel during the allegations of negligence (i.e., what healthcare providers were doing and where they were located during the allegations of negligence). Thus, this evidence is clearly relevant to Plaintiffs' claims and/or defendants' defenses. The requested information is not privileged, and there is no meritorious objection shielding it from discovery. Thus, Defendant Hospital should be compelled to produce a less redacted delivery log that identifies the dates/times of other deliveries that occurred on July 20-22, 2023.

25. **Existence of Peer Review / Incident Reports (INT No. 22 & RFPD No. 34)**: In Interrogatory No. 22 Plaintiffs have requested, in pertinent part, that the Temple Defendants identify the dates of any purported "peer review" investigation that may have occurred regarding the Plaintiffs' care/treatment:



**INTERROGATORY NO. 22:**

State whether Defendant Hospital is aware of any quality/peer review process or investigation pertaining to the care and treatment of Corkell Maldonado and/or C.M.F. on or about July 20-22, 2023. If so, identify each process or investigation, the date(s) and time(s) when each process or investigation was initiated, the individual who initiated each process or investigation, the individuals, groups, or others who participated in each process or investigation, and the date(s) and time(s) when each process or investigation concluded.

**ANSWER:** Answering Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in its entirety and not reasonably calculated to lead to any discoverable evidence. Answering Defendant also objects to the extent the Interrogatory seeks information beyond the scope of discovery pursuant to the Pennsylvania Rules of Civil Procedure. Answering Defendant objects to the extent that this Interrogatory seeks information and documents protected by the attorney-client and/or attorney work product privileges, and/or peer review privilege.

**Exhibit B** at INT. No. 22.

While defense counsel has made statements via subsequent letter and video call regarding this response – given the evasive formal answer, Defendant Hospital has not actually answered

this Interrogatory as required by Rule 33(b)(1). Id.; **Exhibit F** (letter of 9/26/2025). ***Pursuant to Rule 33(b)(1), Plaintiffs are entitled to receive an answer to Interrogatory 22 (and all of their Interrogatories) "by the party to whom they are directed" or "by any officer or agent…"*** Fed. R. Civ. P. 33 (emphasis added). Thus, Defendant Hospital should be compelled to submit a formal supplemental response to INT 22 that is signed/verified by an officer or agent and avers the dates of any peer review investigation.

Additionally, in Request for Production No. 34, Plaintiffs requested that Defendant Hospital produce any incident reports relating to Plaintiffs:

> **REQUEST NO. 34:**
>
> Please provide a copy of any and all incident reports, sentinel event reports, untoward event reports (or a report of the same or similar nature which may be identified by another name at your facility) pertaining to Corkell Maldonado and/or C.M.F.. **NOTE:** To the extent that any purported privilege is claimed with respect to this request, Plaintiffs hereby request a detailed privilege log which specifies for each document: (1) a description of the document, (2) the author(s) of such document, (3) the recipient(s) of such document, (4) the date that such document was created, and (5) the purported basis for any claimed privilege.
>
> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request is overbroad and unduly burdensome and unlimited in time and scope. As such, this Request exceeds the realm of permissible discovery. Moreover, Answering Defendant objects to this Request on the ground that it seeks production of documents and/or communications that are protected by the attorney-client and/or attorney work product privileges.
>
> Subject to, and without waiving, the foregoing objections, none. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**Exhibit B** at RFPD No. 34. Defendant asserts various objections, including multiple purported privileges, but does not indicate whether or not any responsive materials are being withheld in response to Request No. 34. **Exhibit B** at RFPD No. 34.

While defense counsel has subsequently made statements via letter regarding the document production, Defendant Hospital's actual objection set forth in its formal discovery responses does not "*state whether any responsive materials are being withheld on the basis of that objection*" as required by Rule 34(b)(2)(C). **Exhibit G** (10/8/2025 letter); **Exhibit B**, Hospital Discovery Responses. Thus, Defendant Hospital should be compelled to submit a formal supplemental response to RFPD No. 34 that is signed/verified by an officer or agent and avers whether any responsive materials are being withheld on the basis of the raised objection(s).

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court grant this *Plaintiffs' Motion To Compel Production Of Various Information / Documentation & Supplemental Responses To Written Discovery,* and to enter the proposed attached Order.

Respectfully submitted:

By:   /s/ *Ryan P. Timoney*
      Ryan P. Timoney, Esquire
      Matthew M. Patterson, Esquire
      Jack Beam, Esquire, Esquire
      BEAM LEGAL TEAM
      954 W Washington Blvd, Suite 215
      Chicago, IL 60607
      rtimoney@beamlegalteam.com
      (312) 733-0930

      AND

      Jordan Strokovsky, Esquire
      STROKOVSKY LLC
      1650 Market Street, Suite 3600
      Philadelphia, PA 19103
      jordan@actionafterinjury.com
      (267) 523-2876

      **ATTORNEYS FOR PLAINTIFFS**

Dated: November 14, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF VARIOUS INFORMATION / DOCUMENTATION & SUPPLEMENTAL RESPONSES TO WRITTEN DISCOVERY was served by electronic file transfer and/or regular mail, this 14th day of November, 2025 upon the following:

Richard S. Margulies, Esq.
Elizabeth A. Williams Esq.
BURNS WHITE LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103

Paul K. Leary, Jr., Esq.
Nicholas A. Karwacki, Esq.
Dylan M. Alper, Esq.
Cozen O'Connor
1650 Market St., Suite 2800
One Liberty Place
Philadelphia, PA 19103

*Counsel for Defendants' Temple University Hospital, Inc. d/b/a Temple University Hospital, Temple University Health System and/or Temple Health, Temple University Health System, Inc. d/b/a Temple University Health System, Temple University Hospital and/or Temple Health*

Viveca Parker, Esq.
Gregory B. David, Esq.
Assistant U.S. Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

*Counsel for United States of America*

BEAM LEGAL TEAM, LLC

By:     */s/ Ryan P. Timoney*
      Ryan P. Timoney, Esquire
      *Attorney for Plaintiffs*

# EXHIBIT A

Jordan Strokovsky, Esquire (Atty ID#: 318811)
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 317-6545

**Commonwealth of Pennsylvania**
**In the Court of Common Pleas**
**Philadelphia County**

Filed and Attested by the Office of Judicial Records 12 NOV 2024 02:57 pm L. BREWINGTON

C.M.F., et al

       v.

**Case No.:24-11-0047**

Temple University Hospital, Inc., et al

————————————————————————————— /

Commonwealth of Pennsylvania
County of Philadelphia    ss

## AFFIDAVIT OF CORPORATE SERVICE

I, **Thomas J. Crean, Jr.,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | Temple University Hospital, Inc. |
| DOCUMENTS SERVED: | **Complaint; Interrogatories & Request for Production of Documents; Certificates of Merit; Requests for Admission** |
| BY SERVING UPON: | **Security Guard (would not provide name), Person in Charge** |
| DATE & TIME OF SERVICE: | **11/6/2024 12:40 PM** |

| PHYSICAL DESCRIPTION: | **Age: 60** | **Weight: 200** | **Hair: Black** |
|---|---|---|---|
| | **Sex: Male** | **Height: 5'9"** | **Race: Black** |

| | |
|---|---|
| SERVED ADDRESS: | **3509 N. Broad Street** |
| | **Philadelphia, PA 19140** |

Comments: **The Front Desk Security Guard called up to Risk Management and spoke to Amy Dachowski, who authorized him to accept service.**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

GPS: 40.0062916666667;-75.1517416666667

Subscribed and sworn before me, a Notary
Public, this 6th day of November, 2024

Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027



Thomas J. Crean, Jr.
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



<span style="color:red">Case ID: 241100047</span>

Order #P221614

Jordan Strokovsky, Esquire (Atty ID#: 318811)
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 317-6545

**Commonwealth of Pennsylvania
In the Court of Common Pleas
Philadelphia County**


Filed and Attested by the
Office of Judicial Records
12 NOV 2024 03:37 pm
E. BREWINGTON

C.M.F., et al

v.

**Case No.:24-11-0047**

Temple University Hospital, Inc., et al

_____ /

Commonwealth of Pennsylvania
County of Philadelphia    ss

## AFFIDAVIT OF CORPORATE SERVICE

I, **Thomas J. Crean, Jr.,** being duly sworn according to the law upon my oath, depose and say, that I am not a party to this action, am over 18 years of age, and have no direct personal interest in this litigation.

| | |
|---|---|
| PARTY SERVED: | **Temple University Health System, Inc.** |
| DOCUMENTS SERVED: | **Complaint; Interrogatories & Request for Production of Documents; Certificates of Merit; Requests for Admission** |
| BY SERVING UPON: | **Security Guard (would not provide name), Person in Charge** |
| DATE & TIME OF SERVICE: | **11/6/2024 12:40 PM** |

PHYSICAL DESCRIPTION:   **Age: 60**          **Weight: 200**          **Hair: Black**
                                              **Sex: Male**        **Height: 5'9"**         **Race: Black**

SERVED ADDRESS:       **3509 N. Broad Street**
                                      **Philadelphia, PA 19140**

Comments: **The Front Desk Security Guard called up to Risk Management and spoke to Amy Dachowski, who authorized him to accept service.**

I hereby affirm that the information contained in the Affidavit of Service is true and correct. This affirmation is made subject to the penalties of 18 PA C.S. 4904 relating to unsworn falsification to authorities.

GPS: 40.0062916666667;-75.1517416666667

Subscribed and sworn before me, a Notary
Public, this 6th day of November, 2024

*Melissa Petrowski*

Melissa Petrowski, Notary Public
Bucks County
My Commission expires on: 8/29/2027



*Thomas J. Crean*

Thomas J. Crean, Jr.
Dennis Richman's Services for the Professional, Inc
4 Neshaminy Interplex Drive, Suite 108,
Trevose, PA 19053
(215) 977-9393



Case ID: 241100047

Order #P221615

# EXHIBIT B

**COZEN O'CONNOR**
Paul K. Leary, Jr., Esq. (85402)
Nicholas A. Karwacki, Esq. (320773)
Dylan M. Alper, Esq. (313710)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
T: (215) 665-2000
F: (215) 665-2013
pleary@cozen.com
nkarwacki@cozen.com
dalper@cozen.com

*Attorneys for Defendants Temple University Hospital, Inc. d/b/a/ Temple University Hospital, Temple University Health System and/or Temple Health, Temple University Health System, Inc. d/b/a Temple University Health System, Temple University Hospital and/or Temple Health*

| | | |
|---|---|---|
| C.M.F., a Minor, by and through the Guardian of his Estate, FIDUCIARY TRUST COMPANY INTERNATIONAL OF PENNSYLVANIA, and CORKELL MALDONADO, individually and in her own right, | : : : : : : | COURT OF COMMON PLEAS PHILADELPHIA COUNTY, PA |
| V. | : : | No.: 241100047 |
| TEMPLE UNIVERSITY HOSPITAL, INC. d/b/a TEMPLE UNIVERSITY HOSPITAL, TEMPLE UNIVERSITY HEALTH SYSTEM and/or TEMPLE HEALTH, TEMPLE UNIVERSITY HEALTH SYSTEM, INC. d/b/a TEMPLE UNIVERSITY HEALTH SYSTEM, TEMPLE UNIVERSITY HOSPITAL and/or TEMPLE HEALTH | : : : : : : : : : | |

## **DEFENDANT TEMPLE UNIVERSITY HOSPITAL, INC. d/b/a TEMPLE UNIVERSITY HOSPITAL, TEMPLE UNIVERSITY HEALTH SYSTEM and/or TEMPLE HEALTH'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION**

Defendant Temple University Hospital, Inc. ("Answering Defendant"), by and through its attorneys, Cozen O'Connor, hereby serves the following Responses and Objections to Plaintiff's Interrogatories and Request for Production.

## GENERAL OBJECTIONS

1.      All of the General Objections set forth herein are incorporated in each of the specific responses to Plaintiffs' discovery requests set forth below and have the same force and effect as if fully set forth therein.

2.      Answering Defendant objects to Plaintiffs' discovery requests to the extent they seek to impose obligations and procedures beyond those set forth in the Rules of Civil Procedure.

3.      Answering Defendant objects to Plaintiffs' discovery requests to the extent they require disclosure of information that is neither presently known nor within the possession, custody or control of Answering Defendant, and thereby purport to impose obligations beyond those required in the Rules of Civil Procedure.

4.      Answering Defendant objects to Plaintiffs' discovery requests to the extent they seek information protected against disclosure by the attorney-client privilege, the attorney work product privilege, the self-critical analysis privilege, the peer review privilege, proprietary, or any other applicable privilege or immunity from discovery recognized by law ("Privileged Information").  Any undertaking by Answering Defendant to provide information in response to Plaintiffs' discovery requests should be understood to exclude any Privileged Information.

5.      Answering Defendant objects to Plaintiffs' discovery requests as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent they purport to require Answering Defendant to provide information and produce documents already in the possession of Plaintiffs and/or already made available to Plaintiffs.

6.      Answering Defendant objects to Plaintiffs' discovery requests to the extent they contain undefined, ambiguous, or ambiguously defined terms, or call for speculation and conjecture or opinion.

7.      In responding to these discovery requests, Answering Defendant does not in any way waive, or intend to waive, but rather intends to preserve and is preserving without limitation all of the following:

    a.      all objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of any information or document, or the subject matter thereof, in the trial of this action;

    b.      the right to object to the use of any information or document, or the subject matter thereof, in the trial of this action;

    c.      the right to elicit appropriate evidence, beyond the discovery responses themselves, regarding the subjects referred to in or in response to any discovery request; and

    d.      the right at any time to correct, supplement, or clarify any of the responses set forth below, in light of the on-going nature of Answering Defendant's investigation.

8.      Answering Defendant's failure to object to Plaintiffs' discovery requests on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s).  Subject to, and without waiving any objection stated herein, and unless otherwise indicated, Answering Defendant will provide responses to Plaintiffs' discovery requests based on information that is believed to be complete and accurate as of the present date.  Answering Defendant's investigation of the factual matters relating to this litigation is ongoing.  Answering Defendant reserves the right to amend and/or supplement its responses and objections, as may become necessary, in accordance with applicable provisions in the Rules of Civil Procedure.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

State the full name, address, and title of the person answering and, if different, the full name, address, and title of the individual signing the answers.

**ANSWER:**  **Anna Wirth-Granlund, Director of Risk Finance, with the assistance of counsel.**

**INTERROGATORY NO. 2:**

State the name, author, publisher, title, date of publication and specific provision of all medical texts, books, journals or other medical literature which you or your attorney intend to use as authority or reference in defending any of the allegations set forth in the Complaint.

> **ANSWER**: Answering Defendant objects to this Interrogatory on the grounds that it seeks production of documents and/or communications that are protected by the attorney-client and/or attorney work product privileges. Answering Defendant also objects that this Interrogatory seeks the premature disclosure of expert materials and/or trial materials, and to the extent that it seeks discovery of documents that may be used in cross-examination or rebuttal.
>
> Subject to, and without waiving, the foregoing objections, discovery is ongoing. Answering Defendant has not yet determined which medical texts, books, journals, or other medical literature that it may rely on. Answering Defendant reserves its right to amend and/or supplement its Answer up to, and at the time of, trial.

**INTERROGATORY NO. 3:**

State for each person who directly or indirectly was involved in the care or treatment of the plaintiffs alleged in the Complaint:

a. That person's full name and current residence address;
b. The name and current address of that person's employer (both now and at the time of the events alleged in the Complaint);
c. The employment relationship of that person with Defendant Hospital;
d. The date(s) of such person's care or treatment, including a description of the care or treatment; and
e. The name and current address of any other individual present when the care or treatment was rendered.

> **ANSWER**: Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Interrogatory is overbroad, and unduly burdensome. Moreover, Answering Defendant objects to the extent this Interrogatory calls for a legal conclusion.
>
> Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement its Answer up to, and at the time of, trial.

**INTERROGATORY NO. 4:**

If you contend any other person or entity caused or contributed to the injuries alleged in the Complaint, please identify each such person or entity and state the basis of your contention.

> **ANSWER:** **Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Interrogatory is overbroad, and unduly burdensome. Moreover, Answering Defendant objects to the extent this Interrogatory calls for a legal conclusion. Answering Defendant also objects to the extent this Interrogatory assumes, directly or implied, that Answering Defendant caused or contributed to the injuries alleged in the Complaint, which Answering Defendant expressly denies. Finally, Answering Defendant objects on the ground that this Interrogatory seeks production of documents and/or communications that are protected by the attorney-client and/or attorney work product privileges.**
>
> **Subject to, and without waiving, the foregoing objections, discovery and investigation are ongoing. Answering Defendant reserves its right to amend and/or supplement this Answer up to, and at the time of, trial.**

**INTERROGATORY NO. 5:**

For the time period of July 2023, identify all Electronic Health Record ("EHR") computer systems, programs, software, applications, and/or modules utilized to generate, create, edit, modify, or delete patients' Protected Health Information ("PHI") at Defendant Hospital. This request includes but is not limited to Defendant Hospital's primary Electronic Medical Record ("EMR") system, as well as any ancillary systems including Laboratory Information Systems (LIS), Radiology Information Systems (RIS), Picture Archive and Communication Systems ("PACS"), flowsheet documentation systems, surgical documentation systems, fetal heartrate monitor documentation systems, Medication Administration Record (MAR) systems, Labor & Delivery documentation systems, and/or Intensive Care Unit documentation systems.

> **ANSWER:** **Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent this Interrogatory is overbroad and unduly burdensome.**

**Subject to, and without waiving, the foregoing objections, the main "EHR" system is EPIC; the primary radiology system is PACS; and the Fetal Monitoring System is TraceVu. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement this Answer up to, and at the time of, trial.**

## INTERROGATORY NO. 6:

For the time period of July 2023, identify all computer systems, programs, software, applications, and/or modules utilized at Defendant Hospital to maintain Audit Trails, Audit Logs, Audit Controls, and/or similar data/documentation that ensures the security and/or integrity of electronic documents/records for which Defendant Hospital retains.

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent this Interrogatory is overbroad and unduly burdensome.**

**Subject to, and without waiving, the foregoing objections, the systems referenced in Answer to Interrogatory No. 5 maintain an audit trail. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement this Answer up to, and at the time of, trial.**

## INTERROGATORY NO. 7:

For all systems, programs, software, applications, and/or modules identified in Responses to the above Interrogatories No. 5 & 6, please identify which systems maintain and/or save the 'Note Revision History' and/or 'Document History' and/or reports of all 'prior versions', 'preliminary reports', and/or otherwise 'in-progress' versions of electronic documents (including progress notes, operative reports, history and physical reports, consultations, and imaging reports).

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent this Interrogatory is overbroad and unduly burdensome.**

**INTERROGATORY NO. 8:**

Identify the person most knowledgeable at Defendant Hospital regarding each of the following:

    a.      Electronic medical records (& the systems, programs, software, applications, and/or modules in use at Defendant Hospital);

    b.      Defendant Hospital's record retention policies;

    c.      Electronic Medical Record (EMR) data security;

    d.      HIPAA compliance (including both the "Security Rule" and the "Privacy Rule");

    e.      Audit Trails, Audit Logs, Audit Controls, and/or data/documentation that ensures the security and/or integrity of electronic documents/records;

    f.      Clinical Policies & Procedures of the Labor & Deliver/ Obstetrical unit.

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent this Interrogatory is overbroad and unduly burdensome.**

**INTERROGATORY NO. 9:**

Identify if the Defendant Hospital used any third- party electronic record vendors during the Plaintiffs' care and treatment in July 2023. If so, identify all applicable third-party electronic record vendors.

**ANSWER: Answering Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent this Interrogatory exceeds the realm of permissible discovery, is overbroad and unduly burdensome.**

**Subject to, and without waiving, the foregoing objections, Versima. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement this Answer up to, and at the time of, trial.**

**INTERROGATORY NO. 10:**

Was Defendant Hospital named or covered under any policy or policies of medical liability insurance at the time of the care or treatment alleged in the complaint? If so, state **for each policy (including but not limited to all primary, excess, and umbrella policies):**

    a.      The name of the insurance company;

    b.      The policy number;

c.    The effective policy period;
d.    The maximum liability limits for each person and each occurrence, including umbrella and excess liability coverage; and
e.    The named insured(s) under each policy.

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Interrogatory exceeds the realm of permissible discovery, is overbroad and unduly burdensome. Moreover, Answering Defendant objects to the extent that this request calls for a conclusion of law.**

**Subject to, and without waiving, the foregoing objections, see the attached declarations page(s). Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement its Answer up to, and at the time of, trial.**

## INTERROGATORY NO. 11:

Have you received any written notification from an insurance carrier pertaining to the claim asserted in the above-captioned lawsuit which could be characterized as a reservation of rights letter, coverage disclaimer letter, denial of coverage letter, or any other like correspondence pertaining to coverage, absence of coverage, or the terms pursuant to which a defense is being provided?

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Interrogatory exceeds the realm of permissible discovery.**

## INTERROGATORY NO. 12:

List the name and last known addresses/contact information of all persons believed by this Defendant to have either witnessed and/or have knowledge of the facts regarding the care and treatment complained of in the complaint filed herein and/or of the injuries claimed to have resulted therefrom.

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, undefined, and overbroad in its entirety and not reasonably calculated to lead to any discoverable evidence. Answering Defendant also objects to the extent that this Interrogatory seeks information that exceeds the scope of discovery pursuant to the Pennsylvania Rules of Civil**

**Procedure. Answering Defendant also objects to the extent that this Interrogatory seeks information protected by the attorney-client and/or attorney work product privileges. Answering Defendant further objects to this Interrogatory to the extent that it is not limited in time and scope and, thus, exceeds the permissible scope of discovery.**

**Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement this Answer up to, and at the time of, trial.**

## INTERROGATORY NO. 13:

Identify by name and position any and all nurses, physicians, midwives, or other healthcare providers who this Defendant believes provided care/treatment to Corkell Maldonado during her labor and delivery of C.M.F. on July 20-22, 2023.

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Interrogatory is overbroad and unduly burdensome.**

**Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement its Answer up to, and at the time of, trial.**

## INTERROGATORY NO. 14:

Identify any and all phone numbers that were in service and potentially utilized for communications on July 20-22, 2023 by any of Plaintiffs' (Corkell Maldonado's and/or C.M.F.'s) treating physicians, healthcare professionals, nurses, and/or other medical providers, including but not limited to:

a. April Dobkin, M.D.;
b. Michelle Benassi, M.D.;
c. Clinton Turner, M.D.;
d. Felicia Johnson-Ekere, R.N.;
e. Daniele McFadden, R.N.;
f. Tiana Acosta, M.D.;
g. Nishanth Sidduri, M.D.;
h. Ashley Harvard, M.D.; and

i.      Maeve Serino, M.D.

**ANSWER: Answering Defendant objects to this Interrogatory to the extent it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Interrogatory is overbroad and unduly burdensome. Answering Defendant objects on the grounds that this Interrogatory is not reasonably calculated to lead to any discoverable evidence. Answering Defendant further objects that this Interrogatory amounts to an impermissible invasion of privacy.**

## INTERROGATORY NO. 15:

For each telephone number identified in response to the above Interrogatory No. 14, identify the name of the telephone service provider from July 20- 22, 2023 for any of the Plaintiffs' (Corkell Maldonado's and/or C.M.F.'s) treating physicians, healthcare professionals, nurses, and/or other medical providers, including but not limited to:

a.      April Dobkin, M.D.;
b.      Michelle Benassi. M.D.;
c.      Clinton Turner, M.D.;
d.      Felicia Johnson-Ekere, R.N.;
e.      Daniele McFadden, R.N.;
f.      Tiana Acosta, M.D.;
g.      Nishanth Sidduri, M.D.;
h.      Ashley Harvard, M.D.; and
i.      Maeve Serino, M.D.

**ANSWER: See Answer to Interrogatory No. 14, above.**

## INTERROGATORY NO. 16:

For each telephone number identified in response to the above Interrogatory No. 14, provide the exact name of the individual who holds/held the account with the applicable service provider identified in Interrogatory No. 15.

**ANSWER: See Answer to Interrogatory No. 14, above.**

**INTERROGATORY NO. 17:**

With respect to any of Defendant's Affirmative Defenses which may be pled, state for each the factual basis for this affirmative defense, and each person and document that has knowledge or otherwise supports or negates this affirmative defense.

> **ANSWER**: Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant objects to the extent that this Interrogatory seeks information and documents protected by the attorney-client and/or attorney work product privileges. Answering Defendant further objects that this Interrogatory is premature. Subject to, and without waiving, the foregoing objections, discovery is ongoing. Answering Defendant has not yet decided and/or finalized a decision regarding operative facts, legal arguments, and/or supportive evidence. Answering Defendant reserves its right to amend and/or supplement its Answer up to, and at the time of, trial.

**INTERROGATORY NO. 18:**

State whether or not Defendant contends that it or any other individual/entity has state or federal immunity for the claims set forth in Plaintiffs' Complaint. If so, state the basis of such purported immunity, and when such immunity originated.

> **ANSWER**: Answering Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad in its entirety, not reasonably calculated to lead to any discoverable evidence, and exceeds the scope of discovery. Answering Defendant also objects to this Interrogatory to the extent that it seeks the legal conclusions and the mental impressions of counsel. Answering Defendant reserves the right to supplement this Answer in compliance with the Court's Scheduling Order(s).

**INTERROGATORY NO. 19:**

Identify the names of the employer(s) as of July 20- 22, 2023 (and currently if different) for each of the health care providers named in Plaintiffs' Complaint, including:

a. April Dobkin, M.D.;
b. Michelle Benassi, M.D.;
c. Clinton Turner, M.D.;
d. Felicia Johnson-Ekere, R.N.;
e. Daniele McFadden, R.N.;
f. Tiana Acosta, M.D.;

g.   Nishanth Sidduri, M.D.;
h.   Ashley Harvard, M.D.; and
i.   Maeve Serino, M.D.

**ANSWER: Answering Defendant objects to the extent that this Interrogatory calls for conclusions of law. Subject to, and without waiving, the foregoing objections, April Dobkin, M.D., Michelle Benassi, M.D., Felicia Johnson-Ekere, R.N., Tiana Acosta, M.D., Ashley Harvard, M.D., and Maeve Serino, M.D. were employees of Temple University Hospital, . as of July 20-22, 2023. Daniele McFadden, R.N. was employed by AMN Healthcare as of July 20-22, 2023.**

**Michelle Benassi, M.D., Tiana Acosta, M.D., and Maeve Serino, M.D. are still employees of Temple University Hospital, Inc. as of the date of this response. April Dobkin, M.D. and Felicia Johnson-Ekere, R.N. are no longer employees of Temple University Hospital, Inc. as of the date of this response, and Daniele McFadden, R.N. is no longer an agency R.N. for Temple University Hospital, Inc. as of the date of this response.**

**Clinton Turner, M.D. and Nishanth Sidduri, M.D. were not, as of July 20-22, 2023, and are not currently, employees of Temple University Hospital, Inc., Temple University Health System, Inc., or any affiliate or entity thereof.**

**INTERROGATORY NO. 20:**

Identify your relationship with Temple University Health System, Inc. d/b/a Temple University Health System, Temple University Hospital and/or Temple Health.

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, overbroad in its entirety, and not reasonably calculated to lead to any discoverable evidence. Answering Defendant further objects to the extent that this Interrogatory calls for conclusions of law.**

**INTERROGATORY NO. 21:**

Please state when the most recent Joint Commission (or other accrediting organization with which Defendant Hospital participates) site review was conducted at Defendant Hospital and the date of the last such review prior to July 22, 2023 and produce all documents relating to such reviews.

**ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is compound, vague, ambiguous, and undefined. Answering Defendant**

**further objects to the extent that this Interrogatory is not reasonably calculated to lead to any discoverable evidence.**

**INTERROGATORY NO. 22:**

State whether Defendant Hospital is aware of any quality/peer review process or investigation pertaining to the care and treatment of Corkell Maldonado and/or C.M.F. on or about July 20-22, 2023. If so, identify each process or investigation, the date(s) and time(s) when each process or investigation was initiated, the individual who initiated each process or investigation, the individuals, groups, or others who participated in each process or investigation, and the date(s) and time(s) when each process or investigation concluded.

> **ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, and overbroad in its entirety and not reasonably calculated to lead to any discoverable evidence. Answering Defendant also objects to the extent the Interrogatory seeks information beyond the scope of discovery pursuant to the Pennsylvania Rules of Civil Procedure. Answering Defendant objects to the extent that this Interrogatory seeks information and documents protected by the attorney-client and/or attorney work product privileges, and/or peer review privilege.**

**INTERROGATORY NO. 23:**

Identify the full name and date(s) of enactment of any and all written Obstetrical-Gynecological policies, procedures, protocols, and/or guidelines at Defendant Hospital which were in effect as of July 2023.

> **ANSWER: Answering Defendant objects to this Interrogatory to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Interrogatory exceeds the realm of permissible discovery, is overbroad, and is unduly burdensome.**

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

Please identify and produce all Protected Health Information ("PHI") referring to or pertaining to minor-Plaintiff, C.M.F. (a/k/a Baby Boy; hereinafter referred to as minor-Plaintiff and/or C.M.F.) including, but not limited to, all inpatient hospitalization records, outpatient clinic records, satellite facility(ies) records, Access Logs, Audit Trails, Note Revision Histories, Document Histories, and/or reports of all 'prior versions', preliminary reports', and/or otherwise 'in-progress' versions of electronic documents (including progress notes, operative reports, history and physical reports, consultations, and imaging reports) from admission on July 20, 2023 to present. This request also includes reports generated at outside institutions and/or contained in the medical file at Defendant Hospital, including those maintained by the risk management department.

> **RESPONSE:** Answering Defendant objects on the ground that this Request is compound, overbroad, and unduly burdensome. Answering Defendant likewise objects to the extent this request is vague, ambiguous, and undefined. Subject to, and without waiving, the foregoing objection, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**REQUEST NO. 2:**

Please identify and produce all Protected Health Information ("PHI") referring to or pertaining to Plaintiff Corkell Maldonado, including, but not limited to, a copy of the original bedside fetal heart monitor strips (i.e., hard/paper record), electronically stored fetal heart monitor strips, all inpatient hospitalizations, outpatient clinic records, and satellite facility(ies) records, Access Logs, Audit Trails, Note Revision Histories, Document Histories, and/or reports of all 'prior versions', 'preliminary reports', and/or otherwise 'in-progress' versions of electronic documents (including progress notes, operative reports, history and physical reports,

consultations, and imaging reports) relating to her pregnancy with C.M.F., including during the prenatal period, labor and delivery admission beginning on July 20, 2023, and any postpartum records up through the present time. This request also includes reports generated at outside institutions and/or contained in the medical file at Defendant Hospital, including those maintained by the risk management department.

> **RESPONSE:** Answering Defendant objects on the ground that this Request is compound, overbroad, and unduly burdensome. Answering Defendant further objects to the extent this request is vague, ambiguous, and undefined. Subject to, and without waiving, the foregoing objection, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**REQUEST NO. 3:**

Please identify and produce all billing statements and bills for services rendered at or by Defendant Hospital referring to or pertaining to C.M.F. including, but not limited to, all inpatient hospitalizations, outpatient clinic records, and satellite facility(ies).

> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Subject to, and without waiving, the foregoing objection, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**REQUEST NO. 4:**

Please identify and produce all billing statements and bills for services rendered at or by Defendant Hospital referring to or pertaining to Corkell Maldonado including, but not limited to, inpatient hospitalization, outpatient clinic records, and satellite facility(ies).

> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Subject to, and without waiving, the foregoing objection, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**REQUEST NO. 5:**

Please identify and produce copies of all imaging films and/or electronically-stored imaging studies of minor-Plaintiff, including but not limited to MRI, CT, ultrasound, and plain film x-rays from admission on ▮▮▮▮ to present. This request requires production of copies of the images whether maintained on PACS or other EHR systems, as well as the radiologist's interpretation of the images.

>   **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**REQUEST NO. 6:**

Please identify and produce copies of all imaging films and/or electronically-stored imaging studies of Corkell Maldonado during her pregnancy (both in the prenatal time frame as well as during the triage and labor and delivery on ▮▮▮▮), including, but not limited to, MRI, CT, ultrasound, and plain film x-rays from July 2023 to present. This request requires production of copies of the images whether maintained on PACS or other EHR systems, as well as the radiologist's interpretation of the images.

>   **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**REQUEST NO. 7:**

Please produce a clear and legible copy of any and all written rules, regulations, policies, and/or procedures (as well as a table of contents for such) that were enacted at Defendant Hospital during July 2023 regarding documentation requirements, medical record security, HIPAA compliance, Electronic Medical Record ("EMR") data security, and EMR systems.

**RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request is unlimited in time and scope and, thus, exceeds the realm of permissible discovery. Moreover, Answering Defendant objects to the extent this Request calls for a legal conclusion.

## REQUEST NO. 8:

For each of the systems, programs, software, applications, and/or modules identified response to the above Interrogatories No. 5, 6, 7 & 9, please produce a record of all actions (including specific creations, queries, views, additions, deletions, and changes) performed from July 2023 to present on any Protected Health Information (including electronic Protected Health Information) and/or medical records maintained at Defendant Hospital which pertain to C.M.F. and/or Corkell Maldonado. This record should reflect an electronic history of any and all entries or scanned documents mirroring care, changes in care, modifications to documents, including amendments, revisions, and deletions made to the records by any and all users. This record should be produced in chronological order (date and time) of the patient's care and should be produced in electronic format (not scanned). **NOTE:** While the data/documentation described in this Request is often referred to as 'Audit Trails' and/or 'Audit Logs', such titles shall not be interpreted to limit this Request if such data/documentation are referred to by another name at Defendant Hospital.

**RESPONSE:** Answering Defendant objects to this Request to the extent it is overbroad, unduly burdensome, compound, vague, ambiguous, and undefined. Answering Defendant further objects on the grounds that this Request seeks information and/or documents that is not reasonably calculated to lead to discoverable evidence.

**Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.**

**REQUEST NO. 9:**

For each of the systems, programs, software, applications, and/or modules identified in response to the above Interrogatories No. 5, 6, 7 & 9, please produce the following Electronic Health Record (EHR) reports from July 2023 - present:

    a.    A record of all actions for all users who viewed/accessed the Protected Health Information (including electronic Protected Health Information) and/or EHR of C.M.F. and/or Corkell Maldonado which are maintained at Defendant Hospital, the identity of each such user, the date and time of each action, the location where each action took place, the terminal/workstation/device from which the use obtained access, the type of action taken (additions, deletions, changes, queries, print, copy, etc.), the data content that was viewed/accessed, and the specific action taken (including identification of the patient data that is accessed). **(NOTE:** Such report must be produced in electronic format (CSV or Excel; and not scanned) and in chronological order (date & time) of the patient's care).

    b.    A record of any and all changes that were made to the Protected Health Information (including electronic Protected Health Information) and/or EHR of C.M.F. and/or Corkell Maldonado which are maintained at Defendant Hospital by all persons identified in the above Request No. 9(a).

**RESPONSE: Answering Defendant objects to this Request to the extent it is compound, vague, ambiguous, and undefined. Answering Defendant objects to the extent this Request seeks information and/or documents that is not reasonably calculated to lead to discoverable evidence. Answering Defendant further objects on the grounds that this Request is overbroad and unduly burdensome.**

**Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.**

**REQUEST NO. 10:**

Please produce any and all 'note revision history' reports, 'document history' reports, 'prior versions,' 'preliminary reports', and/or otherwise 'in-progress' versions of electronic documents (including progress notes, operative reports, history and physical reports, consultations, and imaging reports) from July 20, 2023 - present pertaining to C.M.F. and/or

Corkell Maldonado's records at Defendant Hospital. **NOTE:** Such records must be produced in native electronic format (and not scanned) and in chronological order (date & time) of the patient's care.

> **RESPONSE:** Answering Defendant objects to this Request to the extent it is compound, vague, ambiguous, overbroad, and undefined. Answering Defendant further objects to the extent that this Request seeks information and/or documents not reasonably calculated to lead to discoverable evidence. Answering Defendants object to the extent that this Request is unduly burdensome.
>
> Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

## REQUEST NO. 11:

Please produce a key/legend/data dictionary for each 'Audit Trail', 'Audit Log', record of actions, and/or other reports produced in response to the above Requests For Production of Documents No. 8-10.

> **RESPONSE:** Answering Defendant objects to this Request on the grounds that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request seeks information and/or documents not reasonably calculated to lead to discoverable evidence. Answering Defendants object to the extent that this Request is unduly burdensome.

## REQUEST NO. 12:

Please produce all manuals, cheat sheets, quick access sheets, quick start guides, reference sheets, or training manuals/materials pertaining to the inputting, accessing, editing, maintaining, authenticating, and/or creating of information, data content, data, and/or Metadata in any systems, programs, software, applications, and/or modules identified in the above Interrogatories No. 5, 6, 7 & 9.

**RESPONSE**: Answering Defendant objects to this Request to the extent it is compound, vague, ambiguous, and undefined. Answering Defendant further objects on the grounds that the Request exceeds the scope of permissible discovery and thus, is not reasonably calculated to lead to discoverable evidence. Answering Defendant objects to the extent this Request is unduly burdensome and overbroad.

## REQUEST NO. 13:

Please produce re-cuts for any and all placental (or other) pathology slides for C.M.F. and Corkell Maldonado (if re-cuts cannot be provided, please explain why and produce the originals).

**RESPONSE**: Answering Defendant objects to this Request to the extent it is ambiguous, vague, and undefined. Answering Defendant objects to the extent that this Request is unduly burdensome and overbroad.

Subject to, and without waiving, the foregoing objections, re-cuts to be supplied.

## REQUEST NO. 14:

Please identify and produce a copy of the delivery/birth log(s) at Defendant Hospital for July 20-22, 2023. You may redact the Protected Health Information ("PHI") of all patients, other than C.M.F. and Corkell Maldonado, to protect other patients' confidentiality. However, it is specifically requested that non-confidential information including the date/time, location, room number, and healthcare providers involved for each delivery remain unredacted.

**RESPONSE**: Answering Defendant objects to this Request to the extent it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent this Request is unduly burdensome and overbroad.

## REQUEST NO. 15:

Please identify and produce a copy of the table of contents and/or index of all written guidelines, policies, procedures, rules, regulations, and/or protocols regarding Antepartum, Triage, Obstetrical, Postpartum, and Neonatal care at Defendant Hospital which were in effect in July 2023.

**RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request exceeds the realm of permissible discovery.

Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**REQUEST NO. 16:**

Please identify and produce a copy of any written guidelines, policies, procedures, rules, regulations, and/or protocols regarding Antepartum, Triage, Obstetrical, Postpartum, and/or Neonatal care at Defendant Hospital which were in effect in July 2023, including but not limited to the following:

- Non-stress test
- Contraction stress test
- Electronic Fetal Monitoring (EFM)
- Data to be charted for non-admit observation and admitted pregnant women
- Documentation and completion of documentation in the nursing / medical charts
- Dating and timing of nursing notes
- Retention of records
- Cord blood analysis and documentation
- Triage of full-term obstetric patients
- High-risk pregnancies
- Kleihauer-Betke testing
- Vital signs, fetal heart rate
- Induction of labor
- Internal fetal monitoring
- Late decelerations
- Early decelerations
- Variable decelerations
- Prolonged decelerations
- Bradycardia and/or tachycardia
- Sinusoidal fetal heartrate
- Notification of physician for abnormal fetal heart indications
- Intrauterine Pressure Catheters (IUPCs)
- Fetal Scalp Electrodes (FSEs)
- C-section urgency/priority (i.e., Emergency, Emergent, Urgent, STAT, etc.)

- Retention of records
- Joint Commission standards and compliance
- Gestational diabetes
- Cytotec/Misoprostol usage
- Pitocin usage
- Cervidil usage
- Root cause analysis
- Chain of command
- Post-surgery instrument check
- Maternal hypotension and/or hypertension
- Obstetrical emergencies
- Vacuum extraction/forceps extraction
- Cesarean section
- Neuroprotective hypothermia therapy (head and/or body cooling)
- APGAR scoring
- Anemia
- Cord Blood Gas analysis
- Neonatal seizures
- Hiring and retention of nurses and physicians

**RESPONSE:** **Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request overbroad, unduly burdensome, and exceeds the realm of permissible discovery.**

**Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.**


**REQUEST NO. 17:**

Please provide a copy of the licensing regulations, accreditation standards, and by-laws

of the Defendant Hospital in effect in July 2023.

**RESPONSE:** **Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request overbroad, unduly burdensome and is unlimited in scope. As such, it exceeds the realm of permissible discovery.**

**REQUEST NO. 18:**

Please identify and produce a copy of any and all training and teaching pamphlets, videos, and other instructive materials for the Antepartum, Triage, Obstetrical, Postpartum, and Neonatal Departments at Defendant Hospital which were in effect and/or were distributed to healthcare providers at Defendant Hospital in July 2023.

> **RESPONSE:** Answering Defendant objects to this Request to the extent it is vague, ambiguous, compound, and undefined. Answering Defendant further objects to the extent this Request is not reasonably calculated to lead to discoverable evidence.

**REQUEST NO. 19:**

Please provide a copy of the licensing regulations, accreditation standards, and by-laws of the medical staff in effect at Defendant Hospital in July 2023.

> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request is overbroad, unduly burdensome, and unlimited in scope. As such, it exceeds the realm of permissible discovery. Moreover, Answering Defendant objects to the extent this Request calls for a legal conclusion.

**REQUEST NO. 20:**

Please identify and produce a copy of the guidelines, policies, procedures, rules, regulations, or protocols of the Obstetrical Department at Defendant Hospital which were in effect in July 2023.

> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request is overbroad, unduly burdensome, and unlimited in scope. As such, it exceeds the realm of permissible discovery.
>
> Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.

**REQUEST NO. 21:**

Please provide a copy of the Articles of Incorporation (or other organization formation documents) in effect at Defendant Hospital in July 2023.

> **RESPONSE:** Answering Defendant objects to this Request on the grounds that it is not reasonably calculated to lead to discoverable evidence, and thus exceeds the scope of permissible discovery.

**REQUEST NO. 22:**

Please produce a copy of the organizational chart for Defendant Hospital as of July 2023 and currently. By organizational chart, Plaintiffs mean a document displaying/detailing/describing the Defendant's corporate and/or organizational structure.

> **RESPONSE:** Answering Defendant objects to this Request to the extent it is vague, ambiguous, and undefined. Answering Defendants object to the extent this Request is not reasonably calculated to lead to discoverable evidence.

**REQUEST NO. 23:**

Please produce a copy of any and all 2023 OB/GYN medical staff surveys.

> **RESPONSE:** Answering Defendant objects to this Request to the extent that it is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request is overbroad, unduly burdensome, and unlimited in scope.

**REQUEST NO. 24:**

Produce a copy of any brochure, advertising material, literature of any kind regarding care, treatment, and personnel of Defendant Hospital, including the labor and delivery department, that was disseminated to the general public in the 1 year prior to and 1 year following minor-Plaintiff's birth on or about ████████.

> **RESPONSE:** Answering Defendant objects to this Request to the extent it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to this Request on the grounds that it is overbroad and unduly burdensome. Answering Defendants object to the extent this Request is not reasonably calculated to lead to any discoverable evidence.

**REQUEST NO. 25:**

Please produce any and all text messages, emails, messages within the EMR systems (including but not limited to Epic Haiku, MyChart, Canto, Secure Chat, and/or in-basket messaging), and/or other written correspondence / communication relating to C.M.F. and/or Corkell Maldonado among or between all physicians, nurses, and/or employees identified within Plaintiffs' Complaint or otherwise identified in response to Interrogatory Nos. 3 & 12.

> **RESPONSE: Answering Defendant objects to this Request to the extent that it is vague, ambiguous, overbroad in its entirety, and not reasonably calculated to lead to any discoverable evidence. Answering Defendant also objects to the extent this Request seeks information beyond the scope of discovery pursuant to the Pennsylvania Rules of Civil Procedure. Answering Defendant also objects to the extent that this Request seeks information, documents, and/or communications protected by the attorney-client and/or attorney work product doctrines.**
>
> **Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.**

**REQUEST NO. 26:**

For each telephone number identified in response to the above Interrogatory No. 14, please produce a complete and legible copy of any and all messages (text messages, iMessages, and/or other written messages) and/or other communication(s) relating to the Plaintiffs (Corkell Maldonado and/or C.M.F.) from July 20-26, 2023 among or between all physicians, nurses, and/or employees identified within Plaintiffs' Complaint or in Interrogatory No. 3 & 12. This request is to include records of incoming and/or outgoing messages (text messages, iMessages, or other written messages) and/or other communication(s). The name(s) and/or telephone numbers may be redacted for anyone other than any of Plaintiffs' (Corkell Maldonado's and/or C.M.F.'s) treating physicians, healthcare professionals, nurses, and/or other medical providers.

**RESPONSE**: See Answer to Interrogatory No. 14, above.

**REQUEST NO. 27**:

Identify and produce a copy of any and all statements (oral, written, or otherwise) known by this Defendant which relate to Plaintiffs, Corkell Maldonado and/or C.M.F., or which otherwise relate to the allegations set forth in Plaintiffs' Complaint.

> **RESPONSE**: Answering Defendant objects to the extent that this Request is vague, ambiguous, and undefined. Moreover, Answering Defendant objects to the extent that this request calls for a conclusion of law. Answering Defendant objects to this Request on the ground that it seeks production of documents and/or communications that are protected by the attorney-client and/or attorney work product privileges, and/or peer review privilege.
>
> Subject to, and without waiving the foregoing objections, none other than what is contained in the medical records. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement this Response up to, and at the time of trial.

**REQUEST NO. 28**:

Please produce a copy of the Quality Improvement or Quality Assurance (QI/QA) Manuals or Plans and all blank check lists and/or forms used in conjunction with such QI or QA program in effect in July 2023.

> **RESPONSE**: Answering Defendant objects to the extent that this Request is compound, vague, ambiguous and undefined. Answering Defendant further objects to the extent that this request is overbroad and unduly burdensome. Finally, Answering Defendant objects to the extent that this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 29**:

Please produce a complete and legible copy of the staffing census/schedules and provider assignment sheet(s) for any nurses, nurse-midwives, resident physicians, and/or attending physicians working within the Labor & Delivery and Newborn/Neonatal units/departments at Defendant Hospital on July 20-22, 2023.

**RESPONSE:** Answering Defendant objects to the extent that this Request is compound, vague, ambiguous and undefined. Answering Defendant further objects to the extent that this request is overbroad and unduly burdensome. Finally, Answering Defendant objects to the extent that this request is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 30:**

Please provide a copy of any and all employment records for the years prior to and including 2023, including but not limited to evaluations, personnel reports, personnel records, personnel files, investigative reports, inspection reports, employee handbooks, employment manuals, continuing education records, terms, conditions and procedures involving employee / employer relationship, recruiting and hiring, promotions, demotions and discipline pertaining all physicians, nurses, midwives, and/or employees either listed in the Complaint, including:

a. April Dobkin, M.D.;
b. Michelle Benassi, M.D.;
c. Clinton Turner, M.D.;
d. Felicia Johnson-Ekere, R.N.;
e. Daniele McFadden, R.N.;
f. Tiana Acosta, M.D.;
g. Nishanth Sidduri, M.D.;
h. Ashley Harvard, M.D.; and
i. Maeve Serino, M.D.

**RESPONSE:** Answering Defendant objects to the extent this Request is compound, vague, ambiguous, and undefined. Answering Defendant further objects on the grounds that this Request is overbroad and unduly burdensome. Answering Defendant objects to this Request on the ground that it seeks production of documents and/or communications that are protected by the attorney-client and/or attorney work product privileges. Answering Defendant further objects to this Request on the ground that it seeks production of documents that are beyond the scope of permissible discovery, as such employment and/or personnel records are not reasonably calculated to lead to any discoverable evidence. Answering Defendants further object on the grounds that Clinton Turner, M.D. and Nishanth Sidduri, M.D. were not, in July 2023, and are not currently, employees of Temple University Hospital, Inc., Temple University Health System, Inc., or any affiliate or related entity thereof, and Daniele McFadden, R.N. was an agency R.N. employed by AMN Healthcare.

**REQUEST NO. 31:**

Please provide a copy of any and all electronic fetal monitoring (EFM) competency examinations, and the results of said examinations, administered to:

a.     April Dobkin, M.D.;
b.     Michelle Benassi, M.D.;
c.     Clinton Turner, M.D.;
d.     Felicia Johnson-Ekere, R.N.;
e.     Daniele McFadden, R.N.;
f.     Tiana Acosta, M.D.;
g.     Nishanth Sidduri, M.D.;
h.     Ashley Harvard, M.D.; and
i.     Maeve Serino, M.D.

for the years preceding and through 2023.

> **RESPONSE:** Answering Defendant objects to this Request to the extent it is not limited in time or scope, and thus exceeds the scope of permissible discovery. Answering Defendant also objects to the extent this Request is not reasonably calculated to lead to any discoverable evidence.

**REQUEST NO. 32:**

Please produce a copy of the physician profile and/or credentialing file of all individuals either listed in the Complaint, including April Dobkin, M.D., Michelle Benassi, M.D., Clinton Turner, M.D., Tiana Acosta, M.D. Nishanth Sidduri, M.D., Ashley Harvard, M.D. and Maeve Serino, M.D. or any other individual identified in response to Interrogatory No. 3 for the years preceding and through 2023.

> **RESPONSE:** Answering Defendant objects to this Request on the grounds that it is compound, vague, ambiguous, and undefined. Answering Defendant further objects to this Request to the extent it is not limited in time or scope, and thus exceeds the scope of permissible discovery. Answering Defendant also objects to the extent this Request is not reasonably calculated to lead to any discoverable evidence.

**REQUEST NO. 33:**

Please produce a copy of any and all documents reflecting complaints by patients and/or the nursing staff concerning all individuals either listed in the Complaint, including:

a. April Dobkin, M.D.;
b. Michelle Benassi, M.D.;
c. Clinton Turner, M.D.;
d. Felicia Johnson Ekere, R.N.;
e. Daniele McFadden, R.N.;
f. Tiana Acosta, M.D.;
g. Nishanth Sidduri, M.D.;
h. Ashley Harvard, M.D.; and
i. Maeve Serino, M.D.

or any other individual identified in response to Interrogatory No. 3 & 12 for the years preceding

and through 2023.

>**RESPONSE:** Answering Defendant objects to this Request on the grounds that
>it is compound, vague, ambiguous, and undefined. Answering Defendant
>objects to this Request to the extent it is not limited in time or scope, and thus
>exceeds the scope of permissible discovery. Answering Defendant also objects
>to the extent this Request is not reasonably calculated to lead to any
>discoverable evidence.

**REQUEST NO. 34:**

Please provide a copy of any and all incident reports, sentinel event reports, untoward event

reports (or a report of the same or similar nature which may be identified by another name at your

facility) pertaining to Corkell Maldonado and/or C.M.F.. **NOTE:** To the extent that any purported

privilege is claimed with respect to this request, Plaintiffs hereby request a detailed privilege log

which specifies for each document: (1) a description of the document, (2) the author(s) of such

document, (3) the recipient(s) of such document, (4) the date that such document was created, and

(5) the purported basis for any claimed privilege.

>**RESPONSE:** Answering Defendant objects to this Request to the extent that
>it is vague, ambiguous, and undefined. Answering Defendant further objects
>to the extent that this Request is overbroad and unduly burdensome and
>unlimited in time and scope.  As such, this Request exceeds the realm of
>permissible discovery. Moreover, Answering Defendant objects to this
>Request on the ground that it seeks production of documents and/or
>communications that are protected by the attorney-client and/or attorney
>work product privileges.

**Subject to, and without waiving, the foregoing objections, none. Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of, trial.**

## REQUEST NO. 35:

Produce a copy of Defendant Hospital's Joint Commission Certificate in effect as of July 20-22, 2023.

**RESPONSE: Answering Defendant objects on the grounds that this Request seeks information and documentation that is not likely to lead to the discovery of admissible evidence.**

## REQUEST NO. 36:

Produce any and all employment and/or services contracts/agreements that pertain to the provision of healthcare services and were in existence in July 2023 between Defendant Hospital and any healthcare providers identified within Plaintiffs' Complaint and/or in response to Interrogatory No. 3, specifically including any of the following:

a. April Dobkin, M.D.;
b. Michelle Benassi, M.D.;
c. Clinton Turner, M.D.;
d. Felicia Johnson-Ekere, R.N.;
e. Daniele McFadden, R.N.;
f. Tiana Acosta, M.D.;
g. Nishanth Sidduri, M.D.;
h. Ashley Harvard, M.D.; and
i. Maeve Serino, M.D.

**RESPONSE: Answering Defendant objects to this Request as duplicative. See prior Answers to Interrogatories and Responses to Requests.**

## REQUEST NO. 37:

With respect to each policy of insurance identified in answer to Interrogatory No. 10, please provide copies of the following documents:

a. The specific Declaration Sheet or Declaration Page for the policy, or policies, that you have identified;
b. A complete specimen copy of the policy, including any endorsements that were issued with it.

**RESPONSE**: **Answering Defendant objects to the extent that this Request is compound, vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this Request is overbroad, unduly burdensome, and exceeds the realm of permissible discovery. Subject to, and without waiving, the foregoing objections, see Answering Defendants' document production.**

**REQUEST NO. 38:**

If the answer to the above Interrogatory No. 11 is in the affirmative, please produce a complete and legible copy of all items of correspondence or notification that you have received from an insurance carrier pertaining to the claim asserted in the above-captioned lawsuit which could be characterized as a reservation of rights letter, coverage disclaimer letter, denial of coverage letter, or any other like correspondence pertaining to coverage, absence of coverage, or the terms pursuant to which a defense is being provided.

**RESPONSE**: **N/A.**

**REQUEST NO. 39:**

Please provide a complete and legible copy of any and all notes or other writings pertaining to the labor, delivery, and/or newborn care and treatment of Corkell Maldonado and/or C.M.F. on July 20-22, 2023, which were generated by April Dobkin, M.D., Michelle Benassi, M.D., Clinton Turner, M.D., Felicia Johnson-Ekere, R.N., Daniele McFadden, R.N., Tiana Acosta, M.D., Nishanth Sidduri, M.D., Ashley Harvard, M.D., and Maeve Serino, M.D. or any other individual otherwise identified in answer to the above Interrogatory No. 12.

**RESPONSE**: **Answering Defendant objects to this Request as duplicative. See prior Answers to Interrogatories and Responses to Requests.**

**REQUEST NO. 40:**

Produce a complete and legible copy of any and all correspondence / communications (including written and/or electronic correspondence / communications) exchanged between this Defendant and Plaintiff, Corkell Maldonado, which relate to Ms. Maldonado's pregnancy

with C.M.F., the birth of C.M.F., the injuries and/or condition of C.M.F. following birth, and/or otherwise relate to the allegations set forth in Plaintiffs' Complaint.

**RESPONSE: Answering Defendant objects to this Request to the extent that it is compound, ambiguous, and undefined. Answering Defendant objects to this Request on the grounds that it seeks information and documentation in the possession of, known to, or otherwise equally available to Plaintiff.**

**Subject to, and without waiving, the foregoing objections, none. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement its Response up to, and at the time of, trial.**

**REQUEST NO. 40:**

Please provide a complete and legible copy of any and all documents obtained via authorization and/or subpoena in this action.

**RESPONSE: Answering Defendant is not currently in possession of any documents responsive to this Request. Discovery is ongoing. Answering Defendant reserves its right to amend and/or supplement this Response up to, and at the time of trial.**

**REQUEST NO. 41:**

Please provide a complete and legible copy of each document identified or referred to in answering the above Interrogatories.

**RESPONSE: See Answering Defendants' document production.**

**REQUEST NO. 42:**

With respect to any and all proposed expert witnesses that Defendant Hospital identifies in this matter and/or intends to call at the time of trial, please identify/produce the following:

    a.     Curriculum vitae;
    b.     Produce a copy of any books, journals, articles, or other publications, treatises, periodicals, or pamphlets contained in the expert's CV that he/she considers to be reliable authority.
    c.     Apart from any items listed in the expert CV, please produce a copy of any books, journals, articles, or other publications, treatises, periodicals, or pamphlets that he/she is relying upon or otherwise considers to be a reliable authority in this matter.
    d.     Provide a copy of the underlying facts or data the expert bases his/her opinion.
    e.     Provide a copy of any reports generated by each expert.

**RESPONSE:** Answering Defendant objects to this Request on the grounds that it seeks production of documents and/or communications that are protected by the attorney-client and/or attorney work product privileges. Answering Defendant also objects that this Request seeks the premature disclosure of expert materials and/or trial materials, is overly broad, unduly burdensome and seeks information beyond the permissible scope of expert discovery.

Subject to, and without waiving, the foregoing objections, discovery is ongoing. Answering Defendant will produce the same in accordance with this Court's Scheduling Order(s). Discovery is ongoing. Answering Defendant reserves the right to amend and/or supplement this Response up to, and at the time of trial.

Dated: January 31, 2025                      **COZEN O'CONNOR**

                                     By:     _/s/ Nicholas A. Karwacki_
                                             Nicholas A. Karwacki, Esq. (320773)
                                             One Liberty Place
                                             1650 Market Street, Suite 2800
                                             Philadelphia, PA 19103
                                             T:  (215) 665-2000
                                             F:  (215) 665-2013
                                             nkarwacki@cozen.com

                                             *Attorney for Defendants Temple University Health*
                                             *System, Inc. and Temple University Hospital, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served to all counsel of

record via electronic mail.


Dated: January 31, 2025               By:      */s/ Nicholas A. Karwacki*
                                                 Nicholas A. Karwacki, Esq.

## <u>VERIFICATION</u>

I, Anna Wirth-Granlund, CPCU, ARM, hereby declare that I am the Director of Risk Financing and Insurance at Temple University Health System and am authorized to enter this Verification on behalf of both Temple University Health System and Temple University Hospital, Inc. in the foregoing action. The foregoing Responses to Plaintiff's Discovery Requests are based upon information which has been furnished to counsel and information which has been gathered by counsel. The language of the Responses to Plaintiff's Discovery Requests is that of counsel and not mine. The statements contained in the foregoing document are true and correct to the best of my knowledge, information, and belief. To the extent the contents of the Responses to Plaintiff's Discovery Requests are that of counsel, I have relied upon counsel in making this verification. I understand that statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: 1/27/25

_____
Anna Wirth-Granlund,
Director of Risk Financing and Insurance

# EXHIBIT C

Jack Beam*
Matthew M. Patterson**
Ryan P. Timoney***
Vasiliki Makris****
Carmine G. Paterra***

*  Licensed in Colorado, District of Columbia,
   Illinois, Kentucky, Michigan, Missouri,
   Ohio, Pennsylvania, Tennessee and
   Wisconsin
** Licensed in Illinois, Michigan, Minnesota
   and Wisconsin
*** Licensed in Illinois, Michigan and Wisconsin
**** Licensed in Illinois and Michigan



954 W. Washington Blvd.
Suite 215
Chicago, IL  60607

Phone:  (312) 733-0930
Fax:  (312) 733-0921

March 21, 2025

Richard S. Margulies, Esq.  Paul K. Leary, Jr., Esq.
Elizabeth A. Williams Esq.  Nicholas A. Karwacki, Esq.
BURNS WHITE LLC  Dylan M. Alper, Esq.
1835 Market Street, Suite 2700  Cozen O'Connor
Philadelphia, PA 19103  1650 Market St., Suite 2800
  One Liberty Place
  Philadelphia, PA 19103

Re:  **C.M.F., a minor, et al. vs. Temple University Hospital, et al.**
     Case No.   241100047

Dear Counsel:

We are in receipt of Defendant Temple University Hospital's ("Defendant Hospital's") responses to Plaintiffs' first Interrogatories and Requests for Production. Unfortunately, upon review these responses are significantly deficient in several regards. Please provide supplemental discovery responses as outlined below so that we can hopefully avoid involving the Court:

**Brain Imaging (RFPD No. 5)**: Upon review of the medical records provided, I do not see that Defendant Hospital ever produced a copy of minor-Plaintiffs' brain imaging scans, which is extremely important evidence. Please produce any and all brain imaging studies and their official reports for minor-Plaintiff.

**Prenatal Imaging (RFPD No. 6)**: Upon review of the medical records provided, I do not see that Defendant Hospital ever produced a copy of Ms. Maldonado's prenatal imaging, which is very important evidence. Please produce a copy of any and all prenatal imaging studies and their official reports for Ms. Maldonado.

**Billing Records (RFPD No. 3-4)**: Upon review of the records provided, I do not see that Defendant Hospital ever produced a copy of Plaintiffs' billing records as requested. Please provide a copy of the billing records for both Ms. Maldonado and the minor-Plaintiff.

**Identification of Knowledgeable Individuals (INT No. 12)**:  Defendant Hospital has improperly failed to identify the individuals known to have witnessed or have knowledge regarding the incident in question as alleged in the Complaint. This is obviously discoverable information.

**Peer Review Investigation / Incident Reports (INT No. 22; RFPD No. 34)**:  Defendant failed to simply identify whether or not any peer/quality review investigation occurred in this case and, if so, the dates for said investigation. This foundational information is not privileged and is necessary to evaluate whether or not any claim of privilege could even theoretically exist. Please provide a supplemental response identifying whether or not a peer/quality review occurred and, if so, the dates for said investigation.

Further, in response to Request for Production No. 34 seeking incident reports Defendant hollowly asserted that a privilege could be implicated but does not even identify whether or not any documents have been withheld under a claim of privilege. Please provide a supplemental response identifying whether or not any documents have been withheld under a claim of privilege and, if so, provide a detailed privilege log detailing the following for each withheld document: (1) a description of the document, (2) the author(s) of said document, (3) the recipient(s) of said document, (4) the date that said document was created, and (5) the purported basis for any claimed privilege.

**Index / Listing of Policies & Procedures (INT No. 23; RFPD No. 15)**: In response to Interrogatory No. 23 Defendant completely failed to identify the names of all Policies & Procedures which were enacted in the Labor & Delivery unit/department as of July 2023. Similarly, Defendant failed to provide an Index / Table of Contents identifying all such Policies & Procedures. This information is clearly relevant to the claims / defenses in this case – especially given the allegations that Defendant failed to have enacted appropriate Policies & Procedures. Please provide supplemental discovery responses by producing an Index of all Policies & Procedures which were enacted or otherwise provide a listing of the names of all such Policies & Procedures.

**Birth/Delivery Logs (RFPD No. 14)**:  In response to RFPD No. 14, Defendant failed to produce a birth/delivery log identifying each birth/delivery that occurred on July 20-22, 2023 (the dates of this occurrence) including the dates/times, locations / room numbers, and names of healthcare providers involved. This information is certainly relevant to understanding the acuity in the hospital, the availability / unavailability of personnel, etc. Please provide a supplemental response producing the requested birth/delivery logs.

**Audit Trails (RFPD No. 8)**: Plaintiffs specifically requested that Defendant Hospital produce the Audit Trails in their native format and/or Excel format. These documents can be generated in Excel format from EPIC with virtually no effort. However, Defendant Hospital instead converted these documents from their native format into a .pdf document. By doing so, Defendant has made these documents less usable (e.g., the searching, filtering, etc. tools of Excel are not available). Please provide the Audit Trails in Excel format as previously requested.

Additionally, Defendant identified OB Tracevue as the electronic fetal monitoring system that was utilized. In my experience, OB Tracevue also generally maintains a separate Audit Trail from EPIC. Please provide the Audit Trail from OB Tracevue.

**Note Revision Histories (RFPD No. 9)**: In accordance with federal law, EPIC maintains a revision history for all narrative notes. This documentation is not difficult to produce. Obviously any revisions which were made to Plaintiffs' medical records are relevant and discoverable evidence. Please produce all note revision histories relating to both Ms. Maldonado and the minor-Plaintiff.

**By-laws (RFPD Nos. 17, 19)**: Defendant has not produced the by-laws of the hospital and medical staff. As you know, the by-laws contain information that is highly relevant to this case including information regarding the relationship between Defendant Hospital and its staff, requirements imposed upon healthcare providers, etc. Please produce a copy of the bylaws of the hospital and medical staff which were in effect in July 2023.

**Communication Among Healthcare Providers (RFPD No. 25)**: Defendant's response suggests that this request for communications among healthcare providers could somehow be privileged by the attorney-client and/or work product doctrines. This comment is quite alarming as I fail to see how communications among healthcare providers could possibly fall under the attorney-client and/or work product doctrines. Please provide a supplemental response specifically indicating whether or not any documentation / communications are being withheld under a claim of privilege and, if so, provide a privilege log detailing the following for each withheld document: (1) a description of the document, (2) the author(s) of said document, (3) the recipient(s) of said document, (4) the date that said document was created, and (5) the purported basis for any claimed privilege.

Additionally, I understand that Temple also utilized TigerConnect (formerly TigerText) as a platform for HIPAA-compliant messaging. Please provide all TigerConnect messages relating to Plaintiffs and/or the allegations in this action.

**Statements Regarding Plaintiffs' / This Case (RFPD No. 27)**: Defendant's response suggests that this request for statements seeks privileged information. Please confirm whether or not any statements / documents have been withheld under a claim of privilege and, if so, provide a privilege log detailing the following for each withheld document: (1) a description of the document, (2) the author(s) of said document, (3) the recipient(s) of said document, (4) the date that said document was created, and (5) the purported basis for any claimed privilege.

**Healthcare Provider Schedules / Assignment Sheets (RFPD No. 29)**: Defendant has not produced the staff census/schedules and assignment sheets for the physicians, nurses, and other providers working in labor and delivery. Of course, it is highly relevant and important to discover the number and names of staff who were working in labor and delivery and available to provide care/assistance to the Plaintiffs. Please provide copies of the staff census/schedules and assignment sheets for all physicians, nurses, and other providers who were working in Labor & Delivery during Plaintiffs' admission on July 20-22, 2023.

**Employment Records / Education/Competency Files & Disciplinary Files (RFPD No. 30-31)**: Defendant has not produced employment records such as education/competency files and disciplinary files for any of the requested healthcare providers. Surely Temple keeps records

regarding education/competencies of its staff and any disciplinary history (even if they are an agency nurse as indicated about nurse McFadden). Please produce this highly relevant information/documentation.

**Depositions**: Lastly, we requested to take the depositions of seven (7) individuals on February 26, 2025 and have yet to receive any dates of availability. Please provide deposition dates for the previously-requested individuals:

- April Dobkin, M.D.
- Michelle Benassai, M.D.
- Maeve Serino, M.D.
- Clinton Turner, M.D.
- Tiana Acosta, M.D.
- Felicia Johnson-Ekere, R.N.
- Daniele McFadden, R.N.

If you do not represent any of these individuals please notify our office immediately.

Please advise within the next 14 days (by April 4, 2025) whether or not you will supplement the above discovery requests or if a motion to compel will be necessary. If we do not hear back from you we will proceed with involving the Court. Of course, feel free to give us a call if you have any questions. We look forward to your response.

Sincerely,

/s/ *Ryan P. Timoney*

Ryan P. Timoney

RPT/mac

cc: Jordan Strokovsky, Esq. – via email

# EXHIBIT D

April 9, 2025

**VIA EMAIL**

Ryan P. Timoney
Beam Legal Team
954 W. Washington Blvd., Suite 215
Chicago, IL 60607

**Nicholas A. Karwacki**
Direct Phone  215-665-2768
Direct Fax       215-701-2199
nkarwacki@cozen.com

Re:     *C.M.F, a minor, et al. vs. Temple University Hospital, et al.*, Case No. 241100047

Dear Ryan,

We are in receipt of your correspondence dated March 21, 2025 purporting to address deficiencies in our discovery responses and in our production, which exceeds three thousand (3,000) pages of materials.  In what follows, we address each of the items raised in your correspondence in kind.

**1.  Brain Imaging (RFPD No. 5)**

Your request for brain imaging studies conducted at Temple and associated reporting is noted.   We believe that all radiology studies conducted at Temple have been transmitted. Our client believes that, given the expeditious nature of the transfer, brain studies would have been taken at St. Christopher's. If there is a specific brain study that you are aware of, please let us know.

**2.  Prenatal Imaging (RFPD No. 6)**

Here, you seek "Ms. Maldonado's prenatal imaging."  As you recall, Ms. Maldonado's prenatal care was provided by the Esperanza Center.  Please recall that you objected to our effort to obtain the full and complete file from the Esperanza Center, which may have contained such documentary evidence.  Our client believes that it has provided all prenatal imaging in its possession.  However, if you are aware of any additional studies conducted at Temple, please let us know and our client will attempt to locate them.

**3.  Billing Records (RFPD No. 3-4)**

You seek "Plaintiffs' billing records."  As you know, same are in the possession of your client.  As such, we have no obligation to produce said records.  However, in the spirit of full cooperation, we have requested these materials from our client and will produce them to you if our client possesses same.

**4.  Identification of Knowledgeable Individuals (INT No. 12)**

You have requested that we "identify the individuals known to have witnessed or have knowledge regarding the incident in question as alleged in the Complaint."  This request strikes us as odd, considering your client has identified all perceived providers, sought their depositions,

1001 Conshohocken State Road    STE 2-400    West Conshohocken, PA 19428
610.941.5400    800.379.0695    610.941.0711 Fax    cozen.com

and is in possession of medical records identifying all individuals who rendered care to Plaintiffs. Moreover, we object to the referenced Interrogatory as overbroad and unduly burdensome pursuant to Pa.R.C.P. 4006(b) (the response to this interrogatory and the burden of deriving same is substantially the same for Answering Defendant as it is for Plaintiff upon examination of the relevant medical records). The names of medical care providers who participated in the care of Plaintiffs are set forth in the medical records. Those medical care providers identified can be contacted through counsel.

**5. Peer Review Investigation/Incident Reports (INT No. 22, RFPD No. 34)**

You asked us to identify "whether or not any peer/quality review investigation occurred in this case and, if so, the dates for said investigation." Subject to and without waiving our objection to this request, a peer review was conducted. The review concluded on May 21, 2024.

You likewise request an "incident report[]." Subject to the objections asserted with regard to this vague and ambiguous request, our client is not in possession of any documents responsive to this request.

**6. Index / Listing of Policies & Procedures (INT No. 23; RFPD No. 15)**

Here, you request "the names of all Policies & Procedures which were enacted in the Labor & Delivery unit/department as of July 2023." Subject to the general and specific objections asserted in our responses, our clients do not keep a list of archived policies and procedures implemented from July 2023 onward. As such, it is under no obligation to create such a document. Moreover, it is unduly burdensome to ask our client to locate all archived polices and prepare a list in this instance, particularly where the vast majority of requested policies and procedures have no bearing on this matter. Therefore, we maintain the sufficiency of our responses to Interrogatory No. 23 and Request for Production No. 15 and reiterate our objections thereto.

**7. Birth/Delivery Logs (RFPD No. 14)**

You seek a "birth/delivery log identifying each birth/delivery that occurred July 20-22, 2023." In your correspondence, you do not articulate the relevance of this request, which gives us pause in light of the breadth of information sought, which includes sensitive and confidential information relating to other patients' care. Given the overbroad and burdensome nature of this request, please provide an offer of proof articulating the relevance of this request.

**8. Audit Trails (RFPD No. 8)**

You seek Audit Trails "in their native format and/or Excel format" notwithstanding the fact that same was produced in PDF format. We will speak with our client to determine whether same is available in an alternative format. If that is the case, then we will produce them to you. With respect to OB Tracevue, we do not believe that this program generates a separate audit trail. However, we will inquire and further advise.

**9. Note Revision Histories (RFPD No. 9)**

You request "a revision history for all narrative notes." This follow-up request is much narrower than the initial request, which drew our objection. The information that you seek is included in the charts and audit trails that have already been supplied. We will inquire as to

whether our client is in possession of other files or documents containing this material and circle back with you.

**10. By-Laws (RFPD Nos. 17, 19)**

You seek the "by-laws of the hospital and medical staff" and provide a vague explanation as to why same is relevant and falls within the scope of discovery. We reiterate our objections to these requests and, further, fail to see how all by-laws applicable to the hospital are relevant in this action and how your client is entitled to the same. Please provide an offer of proof. Moreover, our client will require you to enter into a confidentiality agreement if it is to produce all or some of these documents.

**11. Communications Among Healthcare Providers (RFPD No. 25)**

We confirm that we have not withheld any communications except those exchanged between healthcare providers/our clients and the undersigned litigation counsel or Temple's legal team at a point in time when litigation was anticipated or ongoing. No log is required or appropriate for such communications. Otherwise, you have been provided with all email correspondences satisfying the jointly approved search criteria.

Separately, you request "all TigerConnect messages relating to Plaintiffs and/or the allegations in this action." As an initial matter, Tigertext data is only stored for thirty (30) days. Nonetheless, we have confirmed that the providers at issue, to the best of our client's knowledge, were not using Tigertext at this time. **Statements Regarding Plaintiffs / This Case (RFPD No. 27)**

We confirm that we have not withheld any communications except those exchanged between healthcare providers/our clients and the undersigned litigation counsel and/or Temple's legal team when litigation was anticipated or ongoing. No log is required or appropriate for such communications. Otherwise, you have been provided with all email correspondences satisfying the jointly approved search criteria.

**12. Healthcare Provider Schedules / Assignment Sheets (RFPD No. 29)**

You seek "staff census schedules and assignment sheets for the physicians, nurses, and other providers working in labor and delivery." This request is vague, ambiguous, undefined, and exceeds the scope of permissible discovery. To wit, you request a wealth of information pertaining to other providers who were not assisting Plaintiffs. Nonetheless, please specify precisely what you are seeking, and whether there are specific providers in whom you are interested, so that we may speak with our client and determine whether production is warranted.

**13. Employment Records / Education / Competency Files & Disciplinary Files (RFPD No. 30-31)**

You ask for "education/competency and disciplinary files" for nine (9) providers, several of whom are not even Temple employees. As stated previously, this request is compound, vague, ambiguous, and undefined. It likewise exceeds the scope of permissible discovery. If you would like to narrow the scope of your request and specify precisely what you are seeking and why, then we will discuss with our clients.

_____

**14. Depositions**

You again demand the deposition of seven (7) individuals, two (2) of whom were never employed by Temple (Dr. Turner and Ms. McFadden).  This request is premature.  First, you are prematurely and knowingly seeking depositions before two named defendants have secured representation.  As you are aware, as a result of its Notice under 42 U.S.C. § 233 (l)(1), the U.S. Attorneys' Office is currently reviewing the case and awaiting final word on whether the U.S. Department of Health and Human Services deems Dr. Turner and Dr. Sidduri to be employees of the Public Health Service which, if they are, would result in the U.S Attorneys' Office  intervening on their behalf.  As such, it would be premature and inappropriate to proceed with depositions before counsel is engaged and, most likely, the case will be removed to federal court.  Either way, Dr. Turner's and Dr. Sidduri's counsel should be afforded the opportunity to participate.  And, if the U.S. Attorneys' Office does get involved and remove this action, we will not present our clients for depositions twice.  It would be more prudent and efficient to wait until after HHS makes its determination before we proceed with depositions.  We have ample time to complete depositions, as discovery does not conclude until **June 2026**.  Relatedly, as indicated by your own deficiency letter, there is, apparently, quite a bit of documentary evidence that needs to be exchanged before we proceed to depositions.  It would be more efficient and prudent to exchange additional documentation before depositions proceed, as witnesses will not be reproduced.  The U.S. Attorneys' Office has indicated to us that they are in agreement.

Sincerely,

COZEN O'CONNOR

By:     Nicholas A. Karwacki

NAK

# EXHIBIT E



Jack Beam*
Matthew M. Patterson**
Ryan P. Timoney***
Vasiliki Makris****
Carmine G. Paterra***

\*    Licensed in Colorado, District of Columbia,
      Illinois, Kentucky, Michigan, Missouri,
      Ohio, Pennsylvania, Tennessee and
      Wisconsin
\*\*   Licensed in Illinois, Michigan, Minnesota
      and Wisconsin
\*\*\*  Licensed in Illinois, Michigan and Wisconsin
\*\*\*\* Licensed in Illinois and Michigan

954 W. Washington Blvd.
Suite 215
Chicago, IL 60607

Phone: (312) 733-0930
Fax: (312) 733-0921

September 4, 2025

**SENT VIA EMAIL**

Richard S. Margulies, Esq.
Elizabeth A. Williams Esq.
BURNS WHITE LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103
rsmargulies@burnswhite.com
eawilliams@burnswhite.com

John E. Hall, Jr., Esq.
HALL BOOTH SMITH, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303
jhall@hallboothsmith.com

Paul K. Leary, Jr., Esq.
Nicholas A. Karwacki, Esq.
Dylan M. Alper, Esq.
Cozen O'Connor
1650 Market St., Suite 2800
One Liberty Place
Philadelphia, PA 19103
pleary@cozen.com
nkarwacki@cozen.com
dalper@cozen.com

Re:    **C.M.F., a minor, et al. vs. Temple University Hospital, et al.**
       Case No.   241100047

Dear Counsel:

This follows Plaintiffs' prior request for supplementation of the Temple Defendants' extremely deficient written discovery responses dated March 21, 2025, and Mr. Karwacki's response dated April 9, 2025. There remain numerous outstanding issues with written discovery that need to get resolved – especially in light of Judge Slomsky's confirmation at the Rule 16 Conference that there is no reason to be delaying discovery.

Frankly, it is quite alarming how many standard/routine Interrogatories and Requests for Production to which the Temple Defendants apparently refuse to provide appropriate responses. However, I would like to make one more effort to resolve these disputes prior to seeking court intervention. **Please provide your availability for a meet and confer phone call to occur within the next two (2) weeks so that we can have a substantive discussion to confirm whether or not the Temple Defendants will voluntarily supplement written discovery responses and produce the following absent a motion to compel**:

**Billing Records (RFPD 3-4)**: Plaintiffs' very own billing records in a medical malpractice case still have not been provided. There is no legitimate reason for this.

**Identification of Knowledgeable Individuals (INT 12)**: Plaintiffs have simply requested identification of any individuals known by the defendants to have witnessed the events in question or otherwise have knowledge of the events in question. This is a very routine Interrogatory in birth injury cases. There is nothing "odd" about it, there is no legitimate basis for you to withhold this information, and it is clearly discoverable pursuant to Fed. R. Civ. Pro. 26(a)-(b).

**Peer Review Investigation / Incident Reports (INT No. 22 & RFPD No. 34)**: In your letter dated April 9, 2025, you indicate that a peer review was conducted and that the review concluded on May 21, 2024, however, you fail to identify when this review was initiated. Please identify the same. Additionally, Plaintiffs are entitled to a formal discovery response indicating that no documents exist (if that is true) which are being withheld under privilege as it relates to RFPD No. 34 – please supplement the same.

**Index / Listing of Policies & Procedures (INT No. 23 & RFPD No. 15)**: The Temple Defendants have cherry-picked certain Policies & Procedures ("P&Ps") to produce in discovery, while refusing to even identify what has been withheld. You are not the arbiter relevancy and do not get to unilaterally determine which policies are important to the issues of this case. This is a routine request in birth injury cases and is in no way unduly burdensome – particularly given Defendant Hospital use of PolicyStat, which is a software that centralizes an institution's P&Ps to enable easy searching, accessing, managing, etc. of P&Ps. I ask that you please re-consider your position, identify all P&Ps that were enacted in the Labor & Delivery unit as of July 2023, and produce said policies.

**Birth / Delivery Logs (RFPD No. 14)**: Again, Plaintiffs' request for a birth/delivery log is routine discovery in birth injury cases. As already explained in our prior letter of March 21, 2025, one obvious example of how the birth/delivery log is relevant is that it is likely to contain information regarding the availability / unavailability of personnel during the allegations of negligence (i.e., what healthcare providers were doing and where they were located during the allegations of negligence). Additionally, contrary to your response letter, our request clearly states that any protected health information (PHI) can be redacted – so there is absolutely no confidential / sensitive information being requested. Please re-consider your position and produce the birth / delivery logs.

**Audit Trails (RFPD No. 8)**: Plaintiffs still have not been provided with the Audit Trails in their native format and/or in Excel format. I re-emphasize this request for the reasons set forth in my prior letter of March 21, 2025. Additionally, Plaintiffs still have not been provided with the audit trail from the OB Tracevue system. Both of the requested documents exist, are not difficult to produce, and are discoverable. If these materials cannot / will not be supplemented, Plaintiffs will have to issue a 30(b)(6) notice and file a motion to compel.

**Note Revision Histories (RFPD No. 9)**: Plaintiffs still have not been provided with the note revision history documentation from EPIC. I re-emphasize this request for the

reasons set forth in my prior letter of March 21, 2025. It is well known that EPIC maintains this documentation and it cannot possibly be argued that it is outside the scope of discovery. Similar to the Audit Trails, if this documentation cannot / will not be supplemented, Plaintiffs will have to issue a 30(b)(6) notice and file a motion to compel.

**Bylaws (RFPD Nos. 17 & 19)**: As you know, all hospitals and their medical staffs maintain Bylaws which contain responsibilities/obligations between healthcare providers and the hospital / medical staff, as well as other information relating to the relationship between the hospital and its staff. As explained in my prior letter, one example of the relevance of Bylaws is in establishing whether or not agency relationship exists between the hospital and its healthcare providers – especially important given Temple's denial of employment/agency for certain healthcare providers.

**Communications Among Healthcare Providers (RFPD No. 25)**: Plaintiffs are entitled to a supplemental discovery response confirming what you say in your letter (i.e., that Tigertext data has not been maintained and indicating that after diligent inquiry, the providers identified in the Complaint did not use Tigertext).

**Healthcare Provider Schedules / Assignment Sheets (RFPD No. 29)**: Again, this is routine discovery seeking identification of what personnel were working / available within the Labor & Delivery unit during the alleged negligence. This request is narrowly tailored to the specific unit where the negligence occurred and the specific dates during which the allegations occurred. This documentation is clearly discoverable.

**Employment Records / Education / Competency Files & Disciplinary Files (RFPD No. 30-31)**: I do not understand the comments about this request in your letter of April 9, 2025. This request is not at all ambiguous or undefined – we have very clearly explained that we are requesting the employment files (including education/competency materials and disciplinary materials) of the persons alleged to have been negligent. This is very straightforward. If you claim that the hospital does not maintain employment files for any of these healthcare providers, then indicate so in a supplemental discovery response and produce the materials that exist for the other individuals. If this basic request cannot be fulfilled we will have to file a motion to compel.

**Depositions**: Once again, our office is requesting that you obtain potential deposition dates for the following requested witnesses whom you represent, and if you do not represent any of these individuals advise immediately:

- April Dobkin, M.D.
- Michelle Benassai, M.D.
- Maeve Serino, M.D.
- Clinton Turner, M.D.
- Tiana Acosta, M.D.
- Felicia Johnson-Ekere, R.N.
- Daniele McFadden, R.N.

I look forward to hearing from you so that we can get this case moving along. As always, we prefer to avoid involving the Court, but if we do not hear from you and resolve the herein discovery issues we will have to file a motion.

Sincerely,

/s/ *Ryan P. Timoney*

Ryan P. Timoney

RPT/mac

cc via email:   Jordan Strokovsky, Esq.
Vivica Parker, Esq.

# EXHIBIT F

HALL BOOTH SMITH, P.C.
ATTORNEYS AT LAW

Joel Fishbein
Phone: 201.614.6370
jfishbein@hallboothsmith.com

15 E. Midland Ave.
Suite 3A
Paramus, NJ 07652

Office: 201.614.6350
Fax: 201.730.6254
www.hallboothsmith.com

September 26, 2025

Ryan P. Timoney, Esquire
Beam Legal Team LLC
954 W. Washington Blvd.
Suite 215
Chicago, IL 60607

RE:     C.M.F., a minor, et al., v. Temple University Hospital, et al.

Dear Ryan:

We write on behalf of Temple University Hospital, Inc. and Temple University Health System, Inc. ("the Temple Defendants") in response to your September 4, 2025 correspondence concerning outstanding discovery. We will be producing the documents you have requested that we do not object to producing by one week from today. We expect that this will narrow the issues in dispute, and we invite you to provide dates and times the following week for a meet and confer to further narrow those issues with a design to avoid discovery motion practice if possible.

1.  You requested billing records.

The billing records will be produced.

2.  You requested "identification of knowledgeable individuals."

As explained in earlier correspondence on behalf of the Temple Defendants, the persons with knowledge are those who are identified by their chart entries as supplemented by initial disclosures previously provided. We reserve the right to supplement the list of witnesses as investigation and discovery progresses.

3.  You requested us to identify when the peer review was initiated, and you requested investigation and incident reports.

The Temple Defendants have identified the date the peer review was conducted. There were no incident reports. No incident report is being withheld on the basis of privilege. There is no need for a formal response to this effect.

4.  You requested all policies and procedures for the Labor & Delivery unit as of July 2023.

We will be producing a list of policies as of July 2023.

5.   You requested birth/delivery logs.

We will be producing an appropriately redacted delivery log.

6.   You requested audit trails in native or Excel format.

We will be producing audit trails in Excel format. You requested note revision histories. There are no EPIC note revisions histories to produce.

7.   You requested by-laws.

We maintain our objection to the by-laws. The foundation you provided in your September 4 correspondence does not support the request. The relationship between the hospital and the healthcare providers are set forth in the contracts between the hospital and the providers. There is no need to produce the by-laws for this reason.

8.   You requested communications among healthcare providers.

The Temple Defendants' position on the production of these communications is fully set out in the April 9, 2025 letter from Nick Karwacki.

9.   You requested healthcare provider schedules.

We will be producing documents responsive to this request.

10. Employment Records.

We will need to address the breadth and scope of this request in a meet and confer to be scheduled.

11. Depositions

We agree with the schedule proposed by Ms. Parker of the United States Attorneys' office in the email she sent earlier today. We will provide dates and times next week to discuss the deposition

Ryan P. Timoney, Esquire
September 26, 2025

Page 3

_____

Very truly yours,

Joel I. Fishbein

# EXHIBIT G

Jack Beam*
Matthew M. Patterson**
Ryan P. Timoney***
Vasiliki Makris****
Carmine G. Paterra*****

* Licensed in Colorado, District of Columbia, Illinois, Kentucky, Michigan, Missouri, Ohio, Pennsylvania, Tennessee and Wisconsin
** Licensed in Illinois, Michigan, Minnesota and Wisconsin
*** Licensed in Illinois, Michigan, Missouri and Wisconsin
**** Licensed in Illinois and Michigan
***** Licensed in Illinois, Michigan and Wisconsin



# BEAM LEGAL
## TEAM LLC

954 W. Washington Blvd.
Suite 215
Chicago, IL 60607

Phone: (312) 733-0930
Fax: (312) 733-0921

October 8, 2025

Richard S. Margulies, Esq.
Elizabeth A. Williams Esq.
BURNS WHITE LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103

Hall Booth Smith, P.C.
John E. Hall, Jr.(PA Bar #: 330128)
Joel Fishbein (PA Bar #57550)
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

Paul K. Leary, Jr., Esq.
Nicholas A. Karwacki, Esq.
Dylan M. Alper, Esq.
Cozen O'Connor
1650 Market St., Suite 2800
One Liberty Place
Philadelphia, PA 19103

Viveca Parker, Esq. (80601)
Gregory B. David, Esq.
Assistant U.S. Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Re:   **C.M.F., a minor, et al. vs. Temple University Hospital, et al.**
      Case No.   241100047

Dear Counsel:

Thank you for speaking yesterday to meet and confer regarding various discovery topics. Please allow this correspondence to memorialize what we discussed, and of course, let me know if I have misunderstood anything.

First, we discussed the scheduling of depositions. As discussed, I would like to get these depositions scheduled as soon as we can in order to allow sufficient time for all necessary discovery and to avoid any downstream delays. Plaintiffs will provide potential dates of availability for the depositions of Corkell Maldonado, her mother, and Christopher Fleming, including in January 2026 as you requested. Defendants will also begin providing availability for their witnesses as well so we can get those on the books too – to be completed in February-April 2026. Additionally, Mr. Fishbein indicated that some of the witnesses from Temple may not be current employees and that he still needs to confirm whether he is representing all of the Temple witnesses – please confirm your representation or provide a last known address so that we can subpoena any witnesses if necessary. Ms. Parker again confirmed that she is representing Dr. Turner.

Second, we discussed the USA's request for all of Corkell Maldonado's medical records from Esperanza Health Care from birth to present. Again, as previously indicated, it is Plaintiffs' position that Ms. Maldonado's records outside of the at-issue pregnancy, labor, and delivery are not subject to discovery as they are overly broad and irrelevant to the claims/defenses. However, Plaintiffs are willing to provide (and have already provided) a limited authorization that limits the timeframe/scope from 1/1/2020 – 1/22/2024 as previously ordered in the prior state court action. I understand that the USA does not agree, believes it is entitled to all of Ms. Maldonado's records from birth – present, and intends to seek a ruling from the Court.

Third, Defendant USA indicated that it was unable to locate a copy of the subpoena that was issued to AMN Healthcare. Although I believe this was previously provided, we will certainly resend a copy of this subpoena to all Defendants. Please see attached.

Lastly, Mr. Fishbein and I discussed several issues regarding written discovery responses from the Temple Defendants as summarized below:

i. I requested that formal supplemental responses be provided to reflect any new information/documentation that was supplemented via letter/email (including on 4/9/2025, 9/26/2025, and 10/3/2025) and is not identified within defendants' formal discovery responses. You indicated it is not your practice to formally supplement discovery responses as requested but that you may reconsider. Plaintiffs are entitled under FRCP 33-34 to accurate responses that identify/provide responsive information and/or documents and that are signed by the answering Defendant. Please advise whether or not you will reconsider so that Plaintiffs can seek intervention from the Court if necessary.

i. Peer Review / Incident Reports (INT 22 & RFPD 34): You indicated that the peer review that occurred was a 1-day process that occurred on 5/21/2024. Again, I ask that you provide a supplemental formal/signed discovery response confirming this information so that we can hopefully avoid involving the Court on this issue.

i. Index / Listing of Policies & Procedures (INT 23 & RFPD 15): We were provided with a document that you described in your letter as a list of policies as of July 2023. You confirmed that you may provide particular additional P&Ps upon request. Please see the attached list, and I ask that the highlighted P&Ps be produced. Please advise as to whether or not any of the additional P&Ps will be produced so that we can determine whether a motion will be necessary. Additionally, it is also requested that a supplemental formal/signed discovery response be provided that indicates what has been produced.

i. Birth/Delivery Logs (RFPD 14): We were provided with a document that you described in your letter as a delivery log. As discussed, Plaintiffs request that the dates/times of other deliveries be un-redacted. You indicated that you may re-consider those redactions. Please advise whether or not these redactions will be

removed. Additionally, it is also requested that a supplemental formal/signed discovery response be provided that indicates what has been produced.

i.  <u>Bylaws (RFPD 17, 19)</u>:  As discussed, parties remain in disagreement about the discoverability of the requested Bylaws and therefore Plaintiffs will file a motion.

i.  <u>Note Revision Histories (RFPD 9)</u>: I indicated that Plaintiffs intend to issue a 30(B)(6) notice regarding the subject matter given the information provided in your letter.

i.  <u>Employment Files (RFPD 30-31)</u>: We seem to be in agreement about the discoverability of education/competency materials and disciplinary materials. Please confirm whether or not defendants are agreeing to produce these, so that Plaintiffs can address this with the Court if necessary. Of course, if materials are supplemented, it is also requested that a supplemental formal/signed discovery response be provided that indicates what is being produced.

To Mr. Fishbein / the Temple Defendants:  Please confirm within the next 10 days (by October 17, 2025) whether or not you will agree to supplement any of the above (i) – (vii), so that we can take up any issues with the Court if necessary. We have gone back and forth on some of these issues several times, so if these issues are not resolved by then, we intend to file a motion.

To all Defendants: Please confirm whether or not you are representing the individuals we previously requested to depose (for example, Nurse McFadden whose employment status was denied) and begin providing dates to schedule their depositions to be completed by February – April 2026. Additionally, if there are any witnesses whose deposition has been requested whom the Temple attorneys do not represent, please provide the last known address for such individuals.

Thank you.

Sincerely,

Ryan P. Timoney

RPT/mac
Enclosures

cc:  Jordan Strokovsky, Esq.

# EXHIBIT H

**COZEN O'CONNOR**

Paul K. Leary, Jr., Esq. (85402)
Dylan M. Alper, Esq. (313710)
Nicholas A. Karwacki, Esq. (320773)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
T: (215) 665-2000
F: (215) 665-2013
pleary@cozen.com
dalper@cozen.com
nkarwacki@cozen.com

*Attorney for Defendants
Temple University Health System, Inc.
and Temple University Hospital, Inc.*

| | | |
|---|---|---|
| C.M.F., a Minor, by and through the Guardian | : | COURT OF COMMON PLEAS |
| of his Estate, FIDUCIARY TRUST COMPANY | : | PHILADELPHIA COUNTY, PA |
| INTERNATIONAL OF PENNSYLVANIA, | : | |
| and CORKELL MALDONADO, individually | : | |
| and in her own right, | : | |
| | : | October Term, 2024 |
| v. | : | No.: 0047 |
| | : | |
| TEMPLE UNIVERSITY HOSPITAL, INC. | : | MAJOR JURY TRIAL IS |
| d/b/a TEMPLE UNIVERSITY HOSPITAL, | : | DEMANDED |
| TEMPLE UNIVERSITY HEALTH SYSTEM | : | |
| and/or TEMPLE HEALTH, TEMPLE | : | |
| UNIVERSITY HEALTH SYSTEM, INC. d/b/a | : | |
| TEMPLE UNIVERSITY HEALTH SYSTEM, | : | |
| TEMPLE UNIVERSITY HOSPITAL and/or | : | |
| TEMPLE HEALTH | : | |

## **DEFENDANT TEMPLE UNIVERSITY HOSPITAL, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUEST FOR ADMISSIONS, SECOND INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION**

Defendant Temple University Hospital, Inc. ("Answering Defendant"), by and through its

attorneys, Cozen O'Connor, hereby serves the following Responses and Objections to Plaintiffs'

Requests for Admission, Second Interrogatories and Second Request for Production.

## GENERAL OBJECTIONS

1.       All of the General Objections set forth herein are incorporated in each of the specific responses to Plaintiffs' discovery requests set forth below and have the same force and effect as if fully set forth therein.

2.       Answering Defendant objects to Plaintiffs' discovery requests to the extent they seek to impose obligations and procedures beyond those set forth in the Rules of Civil Procedure.

3.       Answering Defendant objects to Plaintiffs' discovery requests to the extent they require disclosure of information that is neither presently known nor within the possession, custody or control of Answering Defendant, and thereby purport to impose obligations beyond those required in the Rules of Civil Procedure.

4.       Answering Defendant objects to Plaintiffs' discovery requests to the extent they seek information protected against disclosure by the attorney-client privilege, the attorney work product privilege, the self-critical analysis privilege, proprietary, or any other applicable privilege or immunity from discovery recognized by law ("Privileged Information"). Any undertaking by Answering Defendant to provide information in response to Plaintiffs' discovery requests should be understood to exclude any Privileged Information.

5.       Answering Defendant objects to Plaintiffs' discovery requests as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent they purport to require Answering Defendant to provide information and produce documents already in the possession of Plaintiffs and/or already made available to Plaintiffs.

6.       Answering Defendant objects to Plaintiffs' discovery requests to the extent they contain undefined, ambiguous, or ambiguously defined terms, or call for speculation and conjecture or opinion.

2

7. In responding to these discovery requests, Answering Defendant does not in any way waive, or intend to waive, but rather intends to preserve and is preserving without limitation all of the following:

- a. all objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose of any information or document, or the subject matter thereof, in the trial of this action;

- b. the right to object to the use of any information or document, or the subject matter thereof, in the trial of this action;

- c. the right to elicit appropriate evidence, beyond the discovery responses themselves, regarding the subjects referred to in or in response to any discovery request; and

- d. the right at any time to correct, supplement, or clarify any of the responses set forth below, in light of the on-going nature of Answering Defendant's investigation.

8. Answering Defendant's failure to object to Plaintiffs' discovery requests on a particular ground or grounds shall not be construed as a waiver of its rights to object on any additional ground(s). Subject to, and without waiving any objection stated herein, and unless otherwise indicated, Answering Defendant will provide responses to Plaintiffs' discovery requests based on information that is believed to be complete and accurate as of the present date. Answering Defendant's investigation of the factual matters relating to this litigation is ongoing. Answering Defendant reserves the right to amend and/or supplement its responses and objections, as may become necessary, in accordance with applicable provisions in the Rules of Civil Procedure.

3

## REQUESTS FOR ADMISSION

### REQUEST NO. 1:

Please admit that you were served Plaintiffs' Complaint.

### RESPONSE: Admitted.

### REQUEST NO. 2:

Please admit that the following individuals were employees of Defendant Temple University Hospital, Inc. d/b/a Temple University Hospital, Temple University Health System, and/or Temple Health as of July 20-22, 2023 while providing care or treatment to the Plaintiffs:

     a.     April Dobkin, M.D.;

     b.     Michelle Benassi, M.D.;

     c.     Clinton Turner, M.D.;

     d.     Felicia Johnson-Ekere, R.N.;

     e.     Daniele McFadden, R.N.;

     f.     Tiana Acosta, M.D.;

     g.     Nishanth Sidduri, M.D.;

     h.     Ashley Harvard, M.D.; and

     i.     Maeve Serino, M.D.

**RESPONSE: Admitted in part; denied in part. It is admitted only that April Dobkin, MD, Michelle Benassi, MD, Felicia Johnson-Ekere, RN, Tiana Acosta, MD, Ashley Harvard, MD, and Maeve Serino, MD were employees of Temple University Hospital, Inc. as of July 20-22, 2023. It is denied that Clinton Turner, MD, Daniele McFadden, RN, and Nishanth Sidduri, MD were, as of July 20-22, 2023 or have ever been, employees of Temple University Hospital, Inc., Temple University Health System, Inc., or any affiliate or related entity thereof.**

### REQUEST NO. 3:

Please admit that the following individuals were agents of Defendant Temple University Hospital, Inc. d/b/a Temple University Hospital, Temple University Health System, and/or Temple Health as of July 20-22, 2023 while providing care or treatment to the Plaintiffs:

        a.     April Dobkin, M.D.;

        b.     Michelle Benassi, M.D.;

        c.     Clinton Turner, M.D.;

        d.     Felicia Johnson-Ekere, R.N.;

        e.     Daniele McFadden, R.N.;

        f.     Tiana Acosta, M.D.;

        g.     Nishanth Sidduri, M.D.;

        h.     Ashley Harvard, M.D.; and

        i.     Maeve Serino, M.D.

**RESPONSE: Objection. This Request seeks the admission of a pure legal conclusion which falls outside the scope of Pennsylvania Rule of Procedure 4014.**

## INTERROGATORIES

### INTERROGATORY NO. 1:

To the extent that any of your responses to *Plaintiffs' First Set of Request for Admissions* is other than an unqualified admission, state:

    a.    the number of the request;

    b.    all facts upon which you contend support your refusal to unqualifiedly admit the request; and

    c.    the names, addresses, and telephone numbers of all persons including consultants and/or experts, purporting to have any knowledge or factual data upon which you base your refusal to make an unqualified admission to the request.

**ANSWER: Answering Defendant objects to the extent that this request is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this request is overbroad and unduly burdensome. Subject to and without waiving the specific objections and general objections, Answering Defendant admitted Request No. 1, above, and lodged an appropriate objection to Request No. 3, above. With respect to Request No. 2, Clinton Turner, MD and Nishanth Sidduri, MD are physicians who have privileges to treat patients at a Temple University Health System member hospital, and Daniele McFadden, RN was an agency RN, but none of these individuals are or ever have been employed by any Temple entity.**

### INTERROGATORY NO. 2:

To the extent that any of your responses to *Plaintiffs' First Set of Request for Admissions* is other than an unqualified admission, identify all documents, notes, reports, memoranda, electronic and/or tape recordings, photographs, or oral statements or any other tangible or

intangible thing which supports your refusal to unqualifiedly admit the request. The said identification should be sufficient to identify the items listed in a request for production.

**ANSWER: Answering Defendant objects to the extent that this request is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this request is overbroad and unduly burdensome. Subject to and without waiving the specific objections and general objections, see Answer to Interrogatory No. 1, above.**

### INTERROGATORY NO. 3:

If the documents identified in your Answer to Interrogatory #2 are not in your possession, please provide the name, address and telephone number of the custodian of records of all tangible or intangible things.

**ANSWER: Answering Defendant objects to the extent that this request is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this request is overbroad and unduly burdensome. Subject to and without waiving the specific objections and general objections, see Answer to Interrogatory No. 1, above.**

### REQUEST FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

To the extent that any of your responses to *Plaintiffs' First Set of Request for Admissions* is other than an unqualified admission, produce a clear and legible copy of all documents which support your refusal to unqualifiedly admit any of the previous requests for admissions.

7

**RESPONSE**: Answering Defendant objects to the extent that this request is vague, ambiguous, and undefined. Answering Defendant further objects to the extent that this request is overbroad and unduly burdensome. Subject to and without waiving the specific objections and general objections, see Answer to Interrogatory No. 1, above.


Dated: December 11, 2024            **COZEN O'CONNOR**

                                    By:    */s/ Nicholas A. Karwacki*
                                           Paul K. Leary, Jr., Esq. (85402)
                                           Dylan M. Alper, Esq. (313710)
                                           Nicholas A. Karwacki, Esq. (320773)
                                           One Liberty Place
                                           1650 Market Street, Suite 2800
                                           Philadelphia, PA 19103
                                           T:  (215) 665-2000
                                           F:  (215) 665-2013
                                           nkarwacki@cozen.com

                                           *Attorney for Defendants*
                                           *Temple University Health System, Inc. and*
                                           *Temple University Hospital, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served to all counsel of record via electronic mail.

Dated: December 11, 2024       By:      */s/ Nicholas A. Karwacki*
                                            Nicholas A. Karwacki, Esq.

## **VERIFICATION**

I, Anna Wirth-Granlund, CPCU, ARM, hereby declare that I am the Director of Risk Financing and Insurance at Temple University Health System and am authorized to enter this Verification on behalf of both Temple University Health System and Temple University Hospital, Inc. in the foregoing action. The foregoing Responses to Plaintiff's Discovery Requests are based upon information which has been furnished to counsel and information which has been gathered by counsel. The language of the Responses to Plaintiff's Discovery Requests is that of counsel and not mine. The statements contained in the foregoing document are true and correct to the best of my knowledge, information, and belief. To the extent the contents of the Responses to Plaintiff's Discovery Requests are that of counsel, I have relied upon counsel in making this verification. I understand that statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Date: <u>December 4, 2024</u>

Anna Wirth-Granlund,
Director of Risk Financing and Insurance

# EXHIBIT I

H|B|S  HALL BOOTH SMITH, P.C.
        ATTORNEYS AT LAW

Joel I. Fishbein
Phone: 201.614.6370
jfishbein@hallboothsmith.com

Hall Booth Smith, PC
328 Newman Springs Road
Red Bank, NJ 07701

Office: 732-383-1510
Fax: 732.704.5444
www.hallboothsmith.com

October 3, 2025

***Via Email***
Ryan P. Timoney, Esq.
Beam Legal Team LLC
954 W. Washington Blvd., Suite 215
Chicago, IL 60607

      **RE:**    **C.M.F., a minor, et al vs. Temple University Hospital, et al**
              **Case No. 241100047**
              **Our File No. 19456.0001**

Dear Mr. Timoney:

    Enclosed is a share file link to a supplemental document production on behalf of the Temple University Hospital defendants with reference to the above matter which contains the following documents Bates stamped TEMPLE003547 through TEMPLE003579:

- Delivery Logs;
- Nursing Assignment Sheets;
- Call Schedule July 2023;
- Audit Trails;
- OBGYN Call Schedule July 2023;
- Billing Records and Statements; and
- Maternal Fetal Policy List.

    The above referenced documents may be accessed via the following share file link which will expire on October 31, 2025: https://www.imanageshare.com/pd/skENkbjyUs .

              Very truly yours,

              HALL BOOTH SMITH, P.C.

              JOEL I. FISHBEIN

JIF/mbp
cc:    All Parties (Via Email)

RED BANK, NJ

ALABAMA | ARKANSAS | COLORADO | FLORIDA | GEORGIA | MONTANA | NEW JERSEY | NEW YORK
NORTH CAROLINA | OKLAHOMA | SOUTH CAROLINA | TENNESSEE

# EXHIBIT J

(30 requested out of 120 identified)

1. Amnioinfusion, LD601.06
2. Amniotomy Guidelines, L&D-601.07
3. Antepartum Fetal Surveillance, L&D/3W601.09
4. Cesarean Section Scrub, L&D601.13
5. Discharge Procedure, 3W601.03
6. Fetal Monitoring: Terminology and Basic Fetal Heart Rate Pattern and Uterine Contraction Recognition, L&D 3W 601.23
7. Guidelines for Scheduling Patients in Labor and Delivery, LD 601.56
8. Hypertensive Disorders of Pregnancy and Magnesium Sulfate Protocol, L&D601.665
9. Infant Admission to IICN, TUH-IICN-601.82
10. Infant Alarm Settings, IICN-601.03
11. Infant Early Onset Sepsis (EOS) Risk Protocol
12. Infant Emergency Blood Transfusion, NICU
13. Infant Exchange Transfusion, IICN601.19
14. Infant Infection Control Policy, IICN601.72
15. Infant Intramuscular Medication Administration, IICN/WBN601.30A
16. Infant Intubation, Extubation, and Mechanical Ventilation, IICN601.16
17. Infant Newborn Screening (NBS), IICN/WBN601.03
18. Infant Resuscitation, MI601.673
19. Inter-hospital Infant Transportation, MI601.18
20. Intermittent External Fetal Monitoring on the Maternal/Infant Unit, 3W601.12
21. Labor and Delivery Admission Assessment, L&D-601.02
22. Management of Non-Reassuring Fetal Heart Rate Tracing/Category II and Category III Tracings, L&D 3W 601.20
23. Misoprostol for the Induction of Labor, Live Fetus, Third Trimester, L&D601.55
24. Newborn Infant Assessment, L&D601.17
25. Placental Disposition, LD601.26
26. Postpartum/Post-Operative Assessment in the Labor and Delivery Suite, L&D601.27
27. Support in the Labor and Delivery Suite, LD-601.009
28. Triaging the OB Patient, L&D601.19
29. Use of Oxytocin in the Delivery Room, L&D 601.655
30. Vaginal Delivery Table Set Up, L&D601.41

# EXHIBIT K



# T-SCAN
## C O R P O R A T I O N

4200 23rd Avenue West
Seattle, WA 98199-1283
Tel: 206-285-6322
Fax: 800-238-7307

| RECORDS OF | Corkell Maldonado |
|---|---|
| RECORD LOCATION | Temple University Hospital - Labor & Delivery |
| ATTENTION | Jack Beam<br>ATTN: Melody Carper |
| RECEIVED | 05/30/2024 |
| ADDRESS | Beam Legal Team LLC<br>954 W. Washington Blvd.<br>No. 215<br>Chicago IL 60607 |
| REQUEST INFORMATION | Request Code: 24010132.4 |
| COMMENT | Medical Records |

**Record Retrieval**
- Authorization Creation
- Subpoena Creation
- Process Service
- Scheduled Follow-up

**Document Production**
- High Volume Copy
- On-Site Copy Service
- Load File Creation
- Rush Service Available

**Court Reporting**
- Northwest Region
- Rush Transcript
- E-File Delivery
- Videographer

**Deposition Scheduling**
- Northwest Region
- Deposition Rooms Available
- Real-Time CR
- Calendaring

**Electronic Delivery**
- CD Delivery
- Secure FTP Site
- OCR
- Document Management Support

The information contained in this correspondence may be confidential and/or legally privileged and is intended only for the individual/entity named above. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Inadvertent delivery does not waive privilege against disclosure. If you have received this transmission in error please do not read it; instead immediately notify the sender by calling 206-285-6322 to arrange for return of the original message.

**TEMPLE HEALTH**
TEMPLE UNIVERSITY HOSPITAL

Temple University Hospital -
Main Campus
3401 North Broad Street
PHILADELPHIA PA 19140-5103

Maldonado, Corkell
MRN: E1899121, DOB: ■■■, Sex: F
Acct #: ■■■■
Adm: 7/20/2023, D/C: 7/26/2023

**07/20/2023 - Admission (Discharged) in Temple Postpartum at Temple University Hospital - Main Campus (continued)**

### Progress Notes (group 1 of 2) (continued)

- cEFM/toco
- FHT cat 1
- epidural in place
- FB out + AROM for clear/blood-tinged fluid this exam
- continue pitocin per protocol, titrated to adequate ctx pattern q2-3m

PEC w/ SF
- BP currently elevated without any severe ranges (120-130s/70-90)
- UOP adequate at this time
- PEC labs as above notable for thrombocytopenia, currently stable
- continue magnesium at 2g/hr maintenance dosing

Pos AB screen
- found to be anti-E, anti-S
- patient counseled previously about positive antibodies and importance of close follow up in subsequent pregnancies

Reviewed and examined with Dr. Flores, PGY-3

Melissa Kuriloff, MD
Obstetrics & Gynecology, PGY-1

Electronically signed by Melissa Kuriloff, MD at 7/21/2023 2:59 PM
Electronically signed by Nishanth Sidduri, MD at 7/21/2023 9:01 PM

**Claudia Flores, MD at 7/21/2023 1624**

Author: Claudia Flores, MD
Filed: 7/21/2023 4:27 PM
Editor: Claudia Flores, MD (Resident)

Service: Obstetrics
Date of Service: 7/21/2023 4:24 PM

Author Type: Resident
Status: Attested
Cosigner: Nishanth Sidduri, MD at
7/21/2023 9:01 PM

**Attestation signed by Nishanth Sidduri, MD at 7/21/2023 9:01 PM**

**Attending Attestation**

I saw and examined the patient and agree with the resident's/fellow's note.

A total of 15 minutes was spent performing this encounter on this date of service. My evaluation of this patient
included a review of the chart, history, laboratory, discussion with patient, placing orders, and documenting the plan.

Nishanth, Sidduri, MD, Attending Physician

### Obstetrics
### Strip Note

**OBJECTIVE:**
Temp: [97.6 °F (36.4 °C)-98.2 °F (36.8 °C)] 98 °F (36.7 °C)
Pulse: [60-107] 78
Resp: [17-20] 19
BP: (113-155)/(57-105) 140/90
SpO2: [97 %-100 %] 99 %

TEMPLE HEALTH
TEMPLE UNIVERSITY HOSPITAL

Temple University Hospital -
Main Campus
3401 North Broad Street
PHILADELPHIA PA 19140-5103

Maldonado, Corkell
MRN: E1899121, DOB: ███████, Sex: F
Acct #: ███████████
Adm: 7/20/2023, D/C: 7/26/2023

## 07/20/2023 - Admission (Discharged) in Temple Postpartum at Temple University Hospital - Main Campus (continued)

**Medication Administrations (continued)**

### oxytocin in Normal Saline (PITOCIN) 30 unit/500 mL IV infusion (Post-Partum) [241789883]

| | |
|---|---|
| Ordering Provider: Thomas Donaldson, MD | Status: Discontinued (Past End Date/Time) |
| Ordered On: 07/22/23 1304 | Starts/Ends: 07/22/23 1315 - 07/23/23 1320 |
| Ordered Dose (Remaining/Total): 25-999 mL/hr (—/—) | Route: Intravenous |
| Frequency: CONTINUOUS | Ordered Rate/Order Duration: 25-999 mL/hr / — |
| Admin Instructions: The initial bolus rate will be 999 mL/hr. Before | NIOSH GROUPS 2 AND 3 CATEGORY A: |

Admin Instructions: The initial bolus rate will be 999 mL/hr. Before starting the pump, the RN will change the VTBI on the pump to 175mL. After bolus (175mL) is complete, RN will reassess fundus/active bleeding. The RN will then send a rate change via Epic of 42 mL/hr OR contact the physician for alternative dosing. Before restarting the pump, the RN will change the VTBI to 325mL and begin maintenance rate.

Chemo gloves recommended. If cutting, crushing, opening capsules or liquids with splash/inhalation potential, wear chemo gloves, gown, mask, face shield and goggles (as needed).

| Line | Med Link Info | Comment |
|---|---|---|
| Peripheral IV 07/20/23 | 07/22/23 1312 by Felicia Johnson-Ekere, | — |
| Anterior;Distal;Right Forearm | RN | |

| Timestamps | Action | Dose / Rate | Route | Other Information |
|---|---|---|---|---|
| Performed 07/22/23 1312 | Rate/Dose | 42 mL/hr | Intravenous | Performed by: Felicia Johnson-Ekere, RN |
| Documented: 07/22/23 1313 | Change | 42 mL/hr | | |

### oxytocin in NS (PITOCIN) 30 units/500 mL IV infusion [241683107]

| | |
|---|---|
| Ordering Provider: Annabelle Abdo, DO | Status: Discontinued (Past End Date/Time) |
| Ordered On: 07/21/23 1140 | Starts/Ends: 07/21/23 1145 - 07/23/23 1320 |
| Ordered Dose (Remaining/Total): 0.5-40 milli-units/min (—/—) | Route: Intravenous |
| Frequency: TITRATED | Ordered Rate/Order Duration: 0.5-40 mL/hr / — |

Admin Instructions: Initiate oxytocin infusion at 2 milli-units/min. Titrate by 2 milli-units/min every 15 minutes until uterine contractions every 2-3 minutes OR MVUs greater than 200 MVUs. Do not exceed 20 milli-units/min.

PROCEDURE PER POLICY #L&D 601.655:

2. Educate patient about the purpose of Oxytocin for either induction or augmentation.

4. Confirm presence of signed obstetrical consent form, history and physical and plan of care.

6. If the patient has received misoprostol, Oxytocin should not be initiated until 4 hours after the last misoprostol dose.

8. Start infusion at a rate of 1.0 to 6.0 mU/min (as per MD/CNM order). Document initiation of infusion.

10. Maintain careful monitoring of patient's vital signs and strict I&O.

12. Titrate Oxytocin infusion using the dosing and intervals outlined in the prescriber's order according to maternal and fetal tolerance/wellbeing, so that contractions meet adequate uterine activity (see Appendix B: Oxytocin maintenance and rate change guidelines)

14. Record the infusion changes in the patient record. Document

1. Prior to initiation of Oxytocin infusion a baseline fetal heart rate tracing will be obtained for a minimum of 30 minutes.

3. The nurse will verify the correct patient identity by reviewing name and medical record number on patient's ID band.

5. The nurse will complete the Pre-Oxytocin Checklist. If all criteria are not met, the nurse will discuss with the prescriber the management plans that vary from the protocol before initiating infusion and ensure appropriate documentation. If the RN and Physician/CNM are not in agreement the chain of communication will be initiated.

7. The Oxytocin solution should be given in a pre-mixed piggy back infusion via the electronic pump. Oxytocin will be administered by means of an infusion pump as secondary line, connected as close as possible to the primary IV site.

9. Place medication label on pump tubing to avoid potential adverse drug reactions.

11. Notify attending physician/CNM regarding any condition that alters the Oxytocin infusion rate as ordered.

13. Adequate uterine activity is defined as; Uterine contractions every 2-3 minutes (Equal or less than 5 contractions in 10 minutes, averaged over a 30 minute period), contraction pattern with an IUPC of 200-300 MVUs per 10 minute period, MVUs not to exceed 300 mm Hg.

15. Discontinue Oxytocin in the presence of tetanic contractions

TEMPLE HEALTH
TEMPLE UNIVERSITY HOSPITAL
Temple University Hospital -
Main Campus
3401 North Broad Street
PHILADELPHIA PA 19140-5103

Maldonado, Corkell
MRN: E1899121, DOB: ████, Sex: F
Acct #: ████
Adm: 7/20/2023, D/C: 7/26/2023

## 07/20/2023 - Admission (Discharged) in Temple Postpartum at Temple University Hospital - Main Campus (continued)

### Other Orders (group 2 of 2) (continued)

#### For Category III EFM: Notify Chief Resident and Attending MD [241604854] (Discontinued)

Electronically signed by: **Thomas Donaldson, MD on 07/20/23 1339**                                     Status: **Discontinued**
Ordering user: Thomas Donaldson, MD 07/20/23 1339          Ordering provider: Thomas Donaldson, MD
Authorized by: Clinton A Turner, MD                                    Ordering mode: Standard
Frequency: Routine One Time 07/20/23 1339 - 1 occurrence     Class: Hospital Performed
Quantity: 1                                                            Instance released by: Thomas Donaldson, MD (auto-released)
                                                                      7/20/2023 1:39 PM

Discontinued by: Annabelle Abdo, DO 07/23/23 1320

#### Nursing Oxygen Instruction: Nasal Cannula [241604857] (Discontinued)

Electronically signed by: **Thomas Donaldson, MD on 07/20/23 1339**                                     Status: **Discontinued**
Ordering user: Thomas Donaldson, MD 07/20/23 1339          Ordering provider: Thomas Donaldson, MD
Authorized by: Clinton A Turner, MD                                    Ordering mode: Standard
Frequency: Routine Until Discontinued 07/20/23 1339 – Until       Class: Hospital Performed
Specified
Quantity: 1                                                            Instance released by: Thomas Donaldson, MD (auto-released)
                                                                      7/20/2023 1:39 PM

Discontinued by: Automatic Discharge Provider 07/26/23 2052 [Patient Discharge]
Order comments: Indication: maternal hypoxia with O2 saturation <95% or fetal heart rate tracing with absent or minimal variability.
Instructions: If for maternal hypoxia, titrate flow to maintain O2 saturations >95%. For fetal indications, maintain at 2 liters and
discontinue oxygen if moderate variability returns.

#### Mechanical compression device [241604858] (Discontinued)

Electronically signed by: **Thomas Donaldson, MD on 07/20/23 1339**                                     Status: **Discontinued**
Ordering user: Thomas Donaldson, MD 07/20/23 1339          Ordering provider: Thomas Donaldson, MD
Authorized by: Clinton A Turner, MD                                    Ordering mode: Standard
Frequency: Routine Until Discontinued 07/20/23 1339 – Until       Class: Hospital Performed
Specified
Quantity: 1                                                            Instance released by: Thomas Donaldson, MD (auto-released)
                                                                      7/20/2023 1:39 PM

Discontinued by: Automatic Discharge Provider 07/26/23 2052 [Patient Discharge]

**Questionnaire**

| Question | Answer |
| --- | --- |
| Laterality | Bilateral |

#### Place mask on patient [241610482] (Discontinued)

Electronically signed by: **Annabelle Abdo, DO on 07/20/23 1743**                                       Status: **Discontinued**
Ordering user: Annabelle Abdo, DO 07/20/23 1743            Ordering provider: Annabelle Abdo, DO
Authorized by: Clinton A Turner, MD                                    Ordering mode: Standard
Frequency: Routine One Time 07/20/23 1744 - 1 occurrence     Class: Hospital Performed
Quantity: 1                                                            Instance released by: Annabelle Abdo, DO (auto-released)
                                                                      7/20/2023 5:43 PM

Discontinued by: Automatic Discharge Provider 07/26/23 2052 [Patient Discharge]

#### Vital Signs Per Blood Transfusion Protocol [241683112] (Discontinued)

Electronically signed by: **Daphney Noel, MD on 07/21/23 2009**                                         Status: **Discontinued**
Ordering user: Daphney Noel, MD 07/21/23 2009             Ordering provider: Daphney Noel, MD
Authorized by: Clinton A Turner, MD                                    Ordering mode: Standard
Frequency: Routine Per comments 07/21/23 2009 - 1             Class: Hospital Performed
occurrence
Quantity: 1                                                            Discontinued by: Automatic Discharge Provider 07/26/23 2052
                                                                      [Patient Discharge]

Acknowledged: Danielle McFadden, RN 07/21/23 2246 for Placing Order
Order comments: Per Blood Transfusion Protocol

#### Hold Transfusion And Notify Physician Per Protocol [241683113] (Discontinued)



**T-SCAN**

C O R P O R A T I O N

4200 23rd Avenue West
Seattle, WA 98199-1283
Tel: 206-285-6322
Fax: 800-238-7307

| | |
|---|---|
| **RECORDS OF** | ███████████ |
| **RECORD LOCATION** | Temple University Hospital - Neonatal |
| **ATTENTION** | Jack Beam<br>ATTN: Jacky DeLaMora |
| **RECEIVED** | 02/16/2024 |
| **ADDRESS** | Beam Legal Team LLC<br>954 W. Washington Blvd.<br>No. 215<br>Chicago IL 60607 |
| **REQUEST INFORMATION** | Request Code: 24010133.1 |
| **COMMENT** | Medical Records |

**Record Retrieval**
- Authorization Creation
- Subpoena Creation
- Process Service
- Scheduled Follow-up

**Document Production**
- High Volume Copy
- On-Site Copy Service
- Load File Creation
- Rush Service Available

**Court Reporting**
- Northwest Region
- Rush Transcript
- E-File Delivery
- Videographer

**Deposition Scheduling**
- Northwest Region
- Deposition Rooms Available
- Real-Time CR
- Calendaring

**Electronic Delivery**
- CD Delivery
- Secure FTP Site
- OCR
- Document Management Support

The information contained in this correspondence may be confidential and/or legally privileged and is intended only for the individual/entity named above. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Inadvertent delivery does not waive privilege against disclosure. If you have received this transmission in error please do not read it; instead immediately notify the sender by calling 206-285-6322 to arrange for return of the original message.

# TEMPLE HEALTH
**TEMPLE UNIVERSITY HOSPITAL**

Temple University Hospital -
Main Campus
3401 North Broad Street
PHILADELPHIA PA 19140-5103

MRN: E1934020, DOB: ▇▇▇▇ Sex: M
Acct #: ▇▇▇▇
Adm: 7/22/2023, D/C: 7/22/2023

**07/22/2023 - Admission (Discharged) in Temple Pediatric Critical Care Medicine at Temple University Hospital - Main Campus (continued)**

## Labs

### Cord Blood Evaluation [241789774] (Final result)

Electronically signed by: **Felicia Johnson-Ekere, RN on 07/22/22 1302**          Status: **Completed**
Ordering user: Felicia Johnson-Ekere, RN 07/22/23 1302          Ordering provider: Ilona Kane Duffy, MD
Authorized by: Juan R Ballesteros, MD          Ordering mode: Per protocol: cosign required
Cosigning events
Electronically cosigned by Juan R Ballesteros, MD 07/27/23 0814 for Ordering
Frequency: Routine One Time 07/22/23 1303 - 1 occurrence          Class: Unit Collect/Handheld Device
Quantity: 1          Lab status: Final result
Instance released by: Felicia Johnson-Ekere, RN (auto-released) 7/22/2023 1:03 PM
Order comments: Information for the patient's mother: Maldonado, Corkell [E1899121] E1899121

#### Specimen Information

| ID | Type | Source | Collected By |
|---|---|---|---|
| 9122002362 | Serum | Cord Blood | CKOBYLINSKI 07/22/23 1311 |

#### Cord Blood Evaluation [241789774]          Resulted: 07/22/23 1529, Result status: Final result

Ordering provider: Ilona Kane Duffy, MD 07/22/23 1303          Order status: Completed
Filed by: Edi, 737301 Lab Results Soft 07/22/23 1530          Collected by: CKOBYLINSKI 07/22/23 1311
Resulting lab: TEMPLE LAB          Lab Technician: LBE

##### Components

| Component | Value | Reference Range | Flag | Lab |
|---|---|---|---|---|
| ABO | A | — | — | 145 |
| Rh Factor | POS | — | — | 145 |
| Direct Antiglobulin Test | POS | — | — | 145 |

Comment:
Critical value called to and read back by licensed care provider Andrea
McHugh by lb at 1528

—

##### Testing Performed By

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| **145 - Unknown** | TEMPLE LAB | Unknown | 3401 N Broad Street Philadelphia PA 19140 | 10/20/17 1201 - Present |

#### Cord Blood Evaluation [241789774]          Resulted: 07/22/23 1523, Result status: Preliminary result

Ordering provider: Ilona Kane Duffy, MD 07/22/23 1303          Order status: Completed
Filed by: Edi, 737301 Lab Results Soft 07/22/23 1523          Collected by: CKOBYLINSKI 07/22/23 1311
Resulting lab: TEMPLE LAB          Lab Technician: LBE

##### Components

| Component | Value | Reference Range | Flag | Lab |
|---|---|---|---|---|
| ABO | A | — | — | 145 |
| Rh Factor | POS | — | — | 145 |

##### Testing Performed By

| Lab - Abbreviation | Name | Director | Address | Valid Date Range |
|---|---|---|---|---|
| **145 - Unknown** | TEMPLE LAB | Unknown | 3401 N Broad Street Philadelphia PA 19140 | 10/20/17 1201 - Present |

#### Cord Blood Evaluation [241789774]          Resulted: 07/22/23 1522, Result status: Preliminary result

# TEMPLE HEALTH
TEMPLE UNIVERSITY HOSPITAL

Temple University Hospital -
Main Campus
3401 North Broad Street
PHILADELPHIA PA 19140-5103

MRN: E1934020, DOB: ███████, Sex: M
Acct #: ███████
Adm: 7/22/2023, D/C: 7/22/2023

## 07/22/2023 - Admission (Discharged) in Temple Pediatric Critical Care Medicine at Temple University Hospital - Main Campus (continued)

### Other Orders (continued)

#### Nursing

##### Notify Physician For: [241789781] (Discontinued)

Electronically signed by: **Juan R Ballesteros, MD on 07/22/23 1332**                    Status: **Discontinued**

| | |
|---|---|
| Ordering user: Juan R Ballesteros, MD 07/22/23 1332 | Ordering provider: Juan R Ballesteros, MD |
| Authorized by: Juan R Ballesteros, MD | Ordering mode: Standard |
| Frequency: Routine PRN 07/22/23 1317 - Until Specified | Class: Hospital Performed |
| Quantity: 1 | Discontinued by: Automatic Discharge Provider 07/22/23 2051 [Patient Discharge] |

Acknowledged: Alexandra Pannone 07/22/23 1659 for Placing Order

**Questionnaire**

| Question | Answer |
|---|---|
| HR greater than | Other (Specify): Comment - 220 |
| RR greater than | Other (Specify): Comment - 100 |
| TEMP greater than | 100.3F |
| UO less than | Other (Specify): Comment - 1ml/kg/hr or 2 dry diapers |

Order comments: Notify MD/PA for temp < 97F or mean BP < 20

##### Daily Weights [241789782] (Discontinued)

Electronically signed by: **Juan R Ballesteros, MD on 07/22/23 1332**                    Status: **Discontinued**

| | |
|---|---|
| Ordering user: Juan R Ballesteros, MD 07/22/23 1332 | Ordering provider: Juan R Ballesteros, MD |
| Authorized by: Juan R Ballesteros, MD | Ordering mode: Standard |
| Frequency: Routine Daily 07/23/23 0600 - Until Specified | Class: Hospital Performed |
| Quantity: 1 | Discontinued by: Automatic Discharge Provider 07/22/23 2051 [Patient Discharge] |

Acknowledged: Alexandra Pannone 07/22/23 1659 for Placing Order

##### Measure Length [241789783] (Discontinued)

Electronically signed by: **Juan R Ballesteros, MD on 07/22/23 1332**                    Status: **Discontinued**

| | |
|---|---|
| Ordering user: Juan R Ballesteros, MD 07/22/23 1332 | Ordering provider: Juan R Ballesteros, MD |
| Authorized by: Juan R Ballesteros, MD | Ordering mode: Standard |
| Frequency: Routine PRN 07/22/23 1317 - Until Specified | Class: Hospital Performed |
| Quantity: 1 | Discontinued by: Automatic Discharge Provider 07/22/23 2051 [Patient Discharge] |

Acknowledged: Alexandra Pannone 07/22/23 1659 for Placing Order
Order comments: On admission and weekly during Monday night shift

##### Measure Head Circumference [241789784] (Discontinued)

Electronically signed by: **Juan R Ballesteros, MD on 07/22/23 1332**                    Status: **Discontinued**

| | |
|---|---|
| Ordering user: Juan R Ballesteros, MD 07/22/23 1332 | Ordering provider: Juan R Ballesteros, MD |
| Authorized by: Juan R Ballesteros, MD | Ordering mode: Standard |
| Frequency: Routine PRN 07/22/23 1317 - Until Specified | Class: Hospital Performed |
| Quantity: 1 | Discontinued by: Automatic Discharge Provider 07/22/23 2051 [Patient Discharge] |

Acknowledged: Alexandra Pannone 07/22/23 1659 for Placing Order
Order comments: On admission and weekly during Monday night shift

##### Vital Signs [241789808] (Discontinued)

Electronically signed by: **Juan R Ballesteros, MD on 07/22/23 1332**                    Status: **Discontinued**

| | |
|---|---|
| Ordering user: Juan R Ballesteros, MD 07/22/23 1332 | Ordering provider: Juan R Ballesteros, MD |
| Authorized by: Juan R Ballesteros, MD | Ordering mode: Standard |
| Frequency: Routine Q3H 07/22/23 1500 - Until Specified | Class: Hospital Performed |
| Quantity: 1 | Instance released by: Juan R Ballesteros, MD (auto-released) 7/22/2023 1:32 PM |

Discontinued by: Automatic Discharge Provider 07/22/23 2051 [Patient Discharge]
Order comments: Temp, HR, RR and BPs: Every 30 min x 2 hrs, or longer as needed then per unit protocol

##### Measure Blood Pressure [241789809] (Discontinued)

TUH NEO 0044

# TEMPLE HEALTH
TEMPLE UNIVERSITY HOSPITAL

Temple University Hospital -
Main Campus
3401 North Broad Street
PHILADELPHIA PA 19140-5103

MRN: E1934020, DOB: ████████, Sex: M
Acct #: ████████
Adm: 7/22/2023, D/C: 7/22/2023

**07/22/2023 - Admission (Discharged) in Temple Pediatric Critical Care Medicine at Temple University Hospital -
Main Campus (continued)**

## Standard Flowsheets (continued)

| | | | |
|---|---|---|---|
| Distal Lumen Status | Flushed -AP at 07/22/23 1735 | Infusing -AP at 07/22/23 1736 | Infusing -MM at 07/22/23 1824 |
| Length mark (cm) | 10 cm -AP at 07/22/23 1736 | 10 cm -AP at 07/22/23 1736 | — |
| Dressing Type | — | Transparent -AP at 07/22/23 1736 | Transparent -MM at 07/22/23 1824 |
| Dressing Status | — | Clean;Intact;Dry -AP at 07/22/23 1736 | Clean;Intact;Dry - MM at 07/22/23 1824 |
| Dressing Intervention | — | — | New dressing 📄 tegaderm -MM at 07/22/23 1824 |

### Arterial Line 07/22/23 Right Dorsalis pedis

| | | | |
|---|---|---|---|
| Art Line Properties | Placement Date: 07/22/23 -MM, 07/22/23 1817 Placement Time: 1600 -MM, 07/22/23 1817 Size: 24 G -MM, 07/22/23 1817 Orientation: Right -MM, 07/22/23 1817 Location: Dorsalis pedis -MM, 07/22/23 1817 Site Prep: Chlorhexidine -MM, 07/22/23 1817 Local Anesthetic: None -MM, 07/22/23 1817 Technique: Transillumination -MM, 07/22/23 1817 Inserted by: PA McMahon -MM, 07/22/23 1817 Insertion attempts: 1 -MM, 07/22/23 1817 Securement: Taped -MM, 07/22/23 1817 Patient Tolerance: Tolerated well -MM, 07/22/23 1817 | | |
| Site Assessment | — | Clean;Dry;Intact -MM at 07/22/23 1824 | Dry;Intact -MM at 07/22/23 1824 |
| Line Status | — | Pulsatile blood flow -MM at 07/22/23 1824 | Pulsatile blood flow -MM at 07/22/23 1824 |
| Art Line Waveform | — | — 📄 awaiting IV fluids -MM at 07/22/23 1824 | — |
| Art Line Interventions | — | Flushed per protocol -MM at 07/22/23 1824 | Flushed per protocol -MM at 07/22/23 1824 |
| Color/Movement/ Sensation | — | Capillary refill less than 3 sec -MM at 07/22/23 1824 | Capillary refill less than 3 sec -MM at 07/22/23 1824 |
| Dressing Type | — | Transparent 📄 secured with footboard/cotton/tape - MM at 07/22/23 1824 | Transparent -MM at 07/22/23 1824 |
| Dressing Status | — | Clean;Dry;Intact - MM at 07/22/23 1824 | Clean;Dry;Intact - MM at 07/22/23 1824 |
| Dressing Intervention | — | — | None -MM at 07/22/23 1824 |

## Medication Bedside DeliveryNav

| Row Name | 07/22/23 1619 |
|---|---|
| **Discharge Medication Bedside Delivery** | |
| Select YES for this patient to receive Bedside Prescription Delivery at Discharge (Meds to Beds). | No -JB at 07/22/23 1619 |

## Neo Intake/Output

| Row Name | 07/22/23 1455 | 07/22/23 1457 | 07/22/23 1527 | 07/22/23 1530 | 07/22/23 1535 |
|---|---|---|---|---|---|
| dextrose 10% in water (D10W) 250 mL with heparin (PF) 125 Units infusion   Start: 07/22/23 1345 | | | | | |
| Rate | 8 mL/hr -AP at 07/22/23 1457 | — | — | — | — |
| Line | Umbilical Vein Catheter Double Lumen 07/22/23 | — | — | — | — |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **C.M.F., a Minor, by and through the** | : | |
| **Guardian of his estate, FIDUCIARY** | : | |
| **TRUST COMPANY INTERNATIONAL** | : | Hon: Joel H. Slomsky |
| **OF PENNSYLVANIA, et al.** | : | |
| | : | Civil Action No. 2:25-cv-1912 |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| **TEMPLE UNIVERSITY HOSPITAL,** | : | |
| **INC. d/b/a TEMPLE UNIVERSITY** | : | |
| **HOSPITAL, et al.** | : | |
| | : | |
| Defendants. | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| Third Party Defendants. | : | |

## ORDER

AND NOW, this _____ day of _____, 20_____, upon consideration

of Plaintiffs' Motion to Compel Production of Various Information / Documentation &

Supplemental Responses to Written Discovery filed in the above-captioned matter, it is hereby

ORDERED, ADJUDGED AND DECREED that said motion is GRANTED.

IT IS FURTHER ORDERED that Defendant Hospital shall be required to produce and/or

supplement responses to written discovery within 20 days from the date of this order.

BY THE COURT:


_____, J.